THE KAW LIFE ASSOCIATION *et al.* V. JENNIE LEMKE.

1. APPEARANCE, *What Constitutes; Judgment, Motion to Set Aside.* Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendants, and said motion is also based upon non-jurisdictional as well as jurisdictional grounds, *held,* that thereby said party enters a general appearance as though said appearance had been made at the trial.

2. LIFE INSURANCE COMPANY — *Death of Insured — Cause of Action, Stated.* Where a mutual life insurance company, organized upon the assessment plan, issues policies or certificates of membership, in which it is agreed, in case of the death of the insured, to make an assessment upon the policyholders in good standing in said company within ninety days from the date of proof of death of the insured, and the sum collected thereon, less 10 per cent., shall be paid on said death-loss, (provided, however, that in no case shall the payment exceed $5,000,) and where it is shown that at the date of the death of the insured there were policies or certificates in force upon which, had the assessments been made and collected, the full amount named in said policy could have been realized, and where it is shown that no assessments were made within the time provided for in the policy, *held,* that upon the death of the insured, and proof thereof, the beneficiary named in the policy was entitled to a judgment against the company for the maximum amount named in the certificate; and *further held* where the petition alleges such facts, a cause of action is stated.

3. APPEARANCE, *Effect of; Objections, Waived.* Where defendants allow judgment to be taken against them by default, and after judgment is rendered make a general appearance, it is then too late to object to the judgment because the petition upon which it was rendered contains more than one cause of action, not separately stated and numbered, or that the judgment ought not to have been against part of the defendants as principals, but only as sureties.

*Error from Leavenworth District Court.*

ACTION brought by *Lemke* to recover judgment against the plaintiffs in error for $5,262, and costs, which the plaintiff claimed was due her from the defendants, plaintiffs in error, upon a policy of insurance issued by the Kaw Life Association, to Augustus Lemke, in Leavenworth county, and also upon the bond executed by the defendants other than the Kaw Life Association, in the sum of $50,000, to the state of Kansas, for the faithful performance of the duties of the officers of the Kaw Life Association, that they would faithfully perform all the duties, and pay over all moneys to the parties to whom they belonged, and comply with all contracts with its policyholders. On this petition a summons was issued to the sheriff of Leavenworth county, and was served upon one Grant S. Hamilton, who was claimed to be the managing agent of the defendant company in Leavenworth county, and a summons was issued to the sheriff of Wyandotte county, and served upon one E. E. Penn, as cashier of the defendant company, and also a summons was served upon the other defendants in the various counties of this state. The answer-day fixed in the summons was the 3d day of October, and upon default being made by the defendants, the case was set for trial for the 7th day of October. The case was not reached at that term, and the court adjourned until the 1st day of November, on which day this case was again set for trial, for the 3d day of November, 1886, and on said day a judgment was rendered against the Kaw Life Association and the other defendants for $5,000 and interest thereon, and for costs. Afterward the defendants filed their motion in the district court to vacate and set aside the judgment for the reasons: First, that the court had no jurisdiction to render said judgment against the defendants, for the reason that said defendant, the Kaw Life Association, had not been served with summons as required by law, and that the said Hamilton and Penn were not officers of the defendant company upon whom service of summons could be made; second, that the plaintiff's petition did

not state facts sufficient to constitute a cause of action against the defendants; and third, that the judgment was irregular as to said defendants on said bond, for the reason that the judgment was not rendered against them as sureties but as principals. And the defendants alleged that they had a good defense to said cause of action, and that they were willing and offered to pay the amount collected and due plaintiff, being the sum of $566.73, and to permit judgment against them for that amount. This motion came on to be heard, evidence was introduced, and the motion submitted to the court. The court overruled the motion except as to the defendants A. M. Scott and Grant S. Hamilton, and as to them the court held that the service was bad, and as to them sustained the motion. To review the overruling of this motion as to the rest of the defendants, the case is brought to this court.

*Warner, Dean & Hagerman,* for plaintiffs in error.
*L. B. & S. E. Wheat,* for defendant in error.

Opinion by CLOGSTON, C.: Plaintiffs in error now insist that the court had no jurisdiction of the defendants, or any of them, for the reason that they all resided out of Leavenworth county, and that as the court held the service as to Grant S. Hamilton void, there was no valid service upon any of the defendants. The defendant in error contends that the service upon the corporation in Wyandotte was a good service; that as the policy of insurance was issued to Lemke in Leavenworth county, the premiums paid in Leavenworth county, and the policy delivered there, and that Lemke died in Leavenworth county, the cause of action, or some part of it, arose in that county, and under § 42 of the code of civil procedure this service would be valid. But as the question of service is not an important one as we view it, we shall not decide this question; for whatever the service was, it was cured by the appearance of the defendants after the judgment was rendered in the cause. By their motion to set aside the judgment, said motion being upon jurisdictional as well as non-jurisdictional

grounds, they waived the question of jurisdiction, and made the defendants parties to the action; and this waiver binds them to that judgment as though they had voluntarily appeared at the trial. This question has been fully settled by this court. In *Burdette v. Corgan*, 26 Kas. 104, Mr. Justice BREWER said:

"In the first place, we remark that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment not merely on jurisdictional, but also on non-jurisdictional grounds; and whenever such a motion is made, the appearance is general, no matter what the parties may call it in their motion. Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled, be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground."

(See also *Cohen v. Trowbridge*, 6 Kas. 385; *Fee v. Iron Co.*, 13 Ohio St. 563; *Grantier v. Rosecrance*, 27 Wis. 491; *Alderson v. White*, 32 id. 309; *Meixell v. Kirkpatrick*, 29 Kas. 679.) This motion brought the parties into court for all purposes, and whatever defect there was in the service was cured.

The second ground, that the petition stated no facts constituting a cause of action against the defendant association and its co-defendants, we think is not well taken. The petition alleges the issuing of the policy; the death of Lemke; the doing of all things necessary to preserve the policy during the lifetime of Lemke; the proof of death, and the demand upon the company for the amount of the policy; the failure of the company to make the assessments within ninety days after the proof of death; the giving of the bond to the state of Kansas for the faithful performance of the duties of the officers of the association, and the failure of the association to comply with

the terms and conditions stated in this policy, and prayer for judgment. This we think was a good petition, even if it had been challenged by demurrer, and it will not now be scrutinized with the same care that it would be had it been attacked before judgment.

The plaintiffs in error contend, that on the face of this petition and the evidence offered by them, no judgment could legally be rendered for more than the amount which they offered to confess judgment for, for the reason that judgment could only be rendered for the amount they collected by assessment upon the members of the association, and that at the time this assessment was made, some four months after the proof of death, $566.73 was the total amount that could be collected from the members of the association at any time after proof of death-loss. Upon this proposition the plaintiff offered evidence in contradiction, and showed by the report of the company made to the commissioner of insurance of the state long after proof of death-loss, that at the time it was the duty of this association to make the assessment they had members sufficient, upon whom, if any assessment had been made, to pay this claim. The petition alleges that there were members enough at the time of the proof of the loss, upon whom if an assessment had been made, to have realized the full sum of $5,000, the amount claimed by the plaintiff; and we must presume, in the absence of this evidence, that there was offered to the court sufficient proof to sustain that allegation. The plaintiffs in error, however, insist that under that allegation in the petition the policy of insurance and bond made a part of the petition, and that no judgment ought to have been rendered against them, for the reason that the only remedy the defendant in error had, was to compel the officers of the association to make the assessment, and collect the money from the members of the association. In this we do not agree with the plaintiffs. Primarily, and after proof of death, a beneficiary under that policy had no cause of action until there was a default on the part of the association. It was the duty of the officers or corporation to make the assess-

ment, and it was in the power and province of the corporation itself to compel that duty to be performed. It was for this purpose that they gave a bond to the state of Kansas, and for the doing of these things; and upon failure to do them a cause of action would accrue. Now how can it be said that no right accrued in favor of this beneficiary as against this corporation, when they had failed for four months after proof of death to comply with their contract and make an assessment, or make any attempt to collect from their patrons the amount due this beneficiary? (*Lueder's Ex'rs v. Hartford Life & Annuity Co.*, 4 McCr. 149; *Eggleston v. Centennial Mutual Ass'n*, 5 id. 484; *Nerskin v. Endowment Legacy Ass'n*, 15 N. W. Rep. 683; *Reynolds v. Association*, 1 N. Y. [Supplement,] 738.)

The further claim that the petition contained two separate causes of action cannot be reached in this motion. If there were two causes of action contained in the petition, the defendants might waive their separation. They could only take advantage of this before judgment, and not afterward. By their non-appearance they waived such objections.

The fourth complaint against this judgment is that it was irregular because rendered against the sureties of the bond as principals, and not as sureties. This was a right the defendants had, and upon a demand the court would have rendered judgment against them as sureties only; but they made no request, and permitted the judgment to be rendered against them as principals, and they cannot now complain of this irregularity. It was a privilege they had which they did not seek to avail themselves of in time to have the judgment properly rendered against them.

The other grounds in the motion are not of sufficient importance to require notice. The defendants, by their appearance, waived the jurisdiction of the court, and taking the allegations of the petition we must presume that the evidence offered to the court was sufficient to sustain those allegations. The court has approved the judgment, and upon the motion evidence was again offered, and the court on that evidence has overruled their motion to set the judgment aside.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.