JENNIE JONES v. T. H. STANDIFERD *et al.*

No. 13,683.   (77 Pac. 271.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP — *Estoppel of Purchaser Pendente Lite* — *Purchaser at Judicial Sale Treated as a Mortgagee in Possession.* Where the owner of a section of land mortgaged it for $10,000, and thereafter quitclaimed one quarter of it to her daughter, but not until a suit to foreclose a material-man's lien on another quarter had been begun, in which suit the holder of said mortgage, by way of cross-petition, asked foreclosure of the whole section, which was decreed, and he purchased it at judicial sale, and the original owner filed a motion to set aside the sale on eight grounds, seven of which were non-jurisdictional, which was denied, it is *held*, in an action in ejectment by the daughter for the quarter deeded to her, that she must be treated as a purchaser *pendente lite*, and as such is bound by her grantor's knowledge of the proceedings in foreclosure and general appearance to set aside the sale; and it is *held further*, that the defendants in ejectment are entitled to all the rights of mortgagees in possession.

Error from Lyon district court; DENNIS MADDEN, judge.   Opinion filed June 11, 1904.   Affirmed.

STATEMENT.

THIS was an action in ejectment brought by Jennie Jones, the plaintiff in error, against T. H. Standiferd, Hiram Holt, and Malinda L. Holt, to recover possession of the northwest quarter of section 22, township 18, range 13, in Lyon county.   Defendants had judgment in the court below.   The facts, stated in chronological order, are as follows:

On March 1, 1886, Mary P. Jones, the mother of plaintiff below, from whom she claims title, was the owner and in possession of section 22, township 18, range 13, in Lyon county, and the southeast quarter of section 2, township 18, range 13, in Osage

county, Kansas. On that day Mary P. Jones and her son, T. B. Jones, executed and delivered to Hiram Holt, one of the defendants in error, a mortgage of $10,000 on all of said real estate, for borrowed money. This mortgage was recorded in March, 1886.

On August 9, 1886, the Wisconsin Planing Mill Company commenced an action in the district court of Lyon county, Kansas, to foreclose a material-man's lien on the southwest quarter of said section 22, in Lyon county, and the southeast quarter of said section 2, in Osage county, in the sum of about $700, for lumber used in erecting a dwelling-house and barn on the land.

As originally commenced, the only parties to the suit were the Wisconsin Planing Mill Company, as plaintiff, and Mary P. Jones and T. B. Jones, as defendants. In that action service of summons on T. B. Jones was obtained in Lyon county on August 18, 1886, and on Mary P. Jones in Osage county on September 6, 1886. The service on Mary P. Jones was by certified copy of the summons left at her residence.

On October 10, 1886, and during the pendency of said action, Mary P. Jones made a quitclaim deed to her daughter, Jennie Jones, the plaintiff in error, for the west one-half of said section 22, in Lyon county. The consideration named in the deed was one dollar. This quitclaim deed was withheld from record until after final judgment had been rendered in the foreclosure action. It was filed for record, however, before the sheriff's sale of the property in that suit. This quitclaim deed was the sole claim of title on which Jennie Jones bases her right to maintain this ejectment action.

In January, 1887, the court ordered Hiram Holt and other record-holders of liens upon said real estate

to be brought in and made parties to the foreclosure suit.   The planing-mill company amended its petition by making them codefendants of Mary P. and T. B. Jones.   Hiram Holt and other lien-holders answered, setting up their various liens.   The aggregate of all the encumbrances was about $14,000. Mary P. Jones and T. B. Jones did not plead in the suit but made default.

On June 23, 1887, judgment was rendered in said action in favor of the Wisconsin Planing Mill Company, foreclosing its lien and ordering sale of the property after thirty days, with appraisement, and in favor of Hiram Holt, foreclosing his mortgage and ordering sale, upon his application, after six months, without appraisement.   Judgment was also rendered in favor of the other lien holders.

On August 4, 1887, the Wisconsin Planing Mill Company caused order of sale to issue under its judgment, and after due advertisement and appraisement said section 22 was sold at sheriff's sale by the sheriff of Lyon county, and bid in by F. C. Newman, agent of Hiram Holt, for $5500, more than two-thirds of the appraised value, on September 23, 1887.

On said September 23, 1887, Mary P. Jones and T. B. Jones filed a motion to set aside the sheriff's sale on jurisdictional and non-jurisdictional grounds.   This motion was overruled, and the sheriff's sale confirmed and deed ordered on October 17, 1887.

On December 19, 1887, the sheriff's deed was duly executed and delivered to F. C. Newman, and he thereafter conveyed the property to Hiram Holt, who went into peaceable possession thereof, holding under the sheriff's deed ; and he and his grantees havesoremained in possession ever since.

This suit was commenced on September 5, 1901,

nearly fourteen years after the date of the sheriff's deed and the taking of possession thereunder. The defendant, T. H. Standiferd, holds under Hiram Holt.

The indebtedness represented by the mortgage from Mary P. Jones has never been paid by any one, except as it was paid by the foreclosure proceedings, and the amount of the purchase-price of said real estate at the sheriff's sale credited thereon.

The plaintiff never paid or tendered payment of any part of the said mortgage indebtedness before commencing this action. The action was not one to redeem from the mortgage, but was simply ejectment from the land, and for rents and profits.

No proceedings in error were ever instituted by Mary P. Jones, or any one else, to review the proceedings in the foreclosure suit.

*J. Harvey Frith*, and *John G. Egan*, for plaintiff in error.

*Graves & Hamer*, and *Kellogg & Madden*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : Plaintiff in error must fail in her attempt to get title and possession to the property involved for three reasons :

(1) She purchased land from Mary P. Jones which was encumbered by a mortgage for $10,000 to Hiram Holt, executed by her grantor. Its existence was a matter of record. When the Wisconsin Planing Mill Company began suit to foreclose its lien for material furnished to Mary P. Jones, it did not, it is true, seek to fix its claim as a charge on the land now in controversy, but on other lands covered by the Holt mortgage. Before Hiram Holt was made a party to the

action brought by the planing-mill company, Mary P. Jones had executed a deed to the land in question to plaintiff in error, but it was withheld from record until after Hiram Holt had come into the foreclosure suit, set up his mortgage against Mary P. Jones and her codefendant on the same land and obtained judgment thereon and an order of sale of the mortgaged property.

The case must be treated as though the legal title to the land now in question vested in Mary P. Jones at the time the decree foreclosing the Holt mortgage was entered, and regard Jennie Jones as a purchaser *pendente lite.* (*Smith v. Worster,* 59 Kan. 640, 54 Pac. 676, 68 Am. St. Rep. 385; *Baker v. Land Co.,* 62 id. 79, 61 Pac. 412; *Atchison County v. Lips,* ante, p. 252, 76 Pac. 850.)

Mary P. Jones and her codefendant, T. B. Jones, were duly served with summons in the suit brought by the Wisconsin Planing Mill Company to foreclose its lien. They were bound to take notice of the cross-petition of Hiram Holt, filed thereafter, in which he asked for and obtained a decree for the foreclosure of his mortgage and an order of sale of the property in controversy. In *Kimball and others v. Connor, Starks and others,* 3 Kan. 414, 431, it was said : ''When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein.'' In *Curry v. Janicke,* 48 Kan. 168, 29 Pac. 319, it was held that when a party has been properly served with summons he must take notice of an answer and cross-petition filed by a defendant who was made a party to the action after the answer-day named in the summons. Mary P. Jones and T. B. Jones being in court to answer in a suit brought to foreclose a material-man's lien on land

which they had mortgaged to Hiram Holt, they ought reasonably to have expected that their mortgagee would come in and assert his rights under his mortgage. They being in court, their failure to plead did not render any action that was taken in the suit less obligatory upon them.

(2) After the sale in foreclosure of the land claimed by plaintiff in error, her grantor, Mary P. Jones, and T. B. Jones, filed a motion to vacate and set aside that sale on eight grounds. The first challenged the court's jurisdiction over the persons of defendants; four others attacked the appraisement returned by the sheriff; the fifth alleged that there was a combination between bidders at the sale which suppressed competition; another, that sufficient notice was not published; and another, that no money was paid by the purchaser. This attack on the sale, so far as it was based on nonjurisdictional grounds, was a general appearance in the case. (*Burdette v. Corgan*, 26 Kan. 102; *Life Association v. Lemke*, 40 id. 142, 19 Pac. 337; *Investment Co. v. Cornell*, 60 id. 282, 56 Pac. 475; *Baker v. Land Co.*, supra.)

(3) The whole of section 22, township 18, range 13, the northwest quarter of which is here involved, was sold under the decree of foreclosure to Hiram Holt for $5500, the sale confirmed, and a sheriff's deed executed. Holt and his grantees have been in peaceable possession since 1887. This is not a suit to redeem, but an action in ejectment. The following cases are decisive against the right of plaintiff in error to recover the land: *Kelso v. Norton*, 65 Kan. 778, 70 Pac. 896, 93 Am. St. Rep. 308; *Stouffer v. Harlan*, 68 id. 135, 74 Pac. 610; *Mortgage Co. v. Gray*, 68 id. 100, 74 Pac. 614.

The judgment of the court below will be affirmed.

All the Justices concurring.