EDOM E. DAVIS *et ux.* V. THE VINSON LAND COMPANY.

No. 14,951.   (90 Pac. 766.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Publication Service—False Affidavit.* A decree quieting title to real estate, where the only service upon the defendants is made constructively as provided by the statute for non-residents of the state, is not void because the grounds stated in the affidavit are untrue.

2. ——— *Jurisdiction—Collateral Attack.* An affidavit filed as provided by section 73 of the code of civil procedure (Gen. Stat. 1901, § 4507), followed by the publication of a notice in accordance with section 74 of the code (Gen. Stat. 1901, § 4508), which are, on examination, approved by the court as required by section 75 of such code (Gen. Stat. 1901, § 4509), confers jurisdiction upon the court to hear and determine the action in which such service is made; and a judgment rendered therein is valid and unimpeachable, unless assailed for a cause and within the time prescribed by the statute, even though the affidavit was untrue and the defendant was ignorant of the pendency of the action and made no appearance therein.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed June 8, 1907. Affirmed.

STATEMENT.

ON May 4, 1900, the defendant in error filed its petition in the district court of Finney county to quiet its title to a large amount of land, including the land in controversy. The title held by the land company was evidenced by tax deeds. Many of the defendants in that suit were non-residents of that county, and some of them did not reside in the state. The plaintiffs in error resided at Bazaar, in Chase county, Kansas.

The attorney for the land company, believing that the plaintiffs in error were non-residents of the state, included them in a notice given by publication. The affidavit for such notice was filed with the petition,

and, after the caption and preliminary statements, reads:

"  .  .  .  the following-named defendants in said action are non-residents of the state of Kansas, and that the personal service of summons cannot be had upon said defendants or either of them within the state of Kansas, and that plaintiff with due diligence is unable to make personal service of summons upon said defendants or either of them within the state of Kansas, to wit:  .  .  .  Edom E. Davis, Mrs. E. E. Davis, his wife."

On June 9, 1900, the first publication of a notice, proper in form, was made.  On September 1, 1900, formal proof of service by publication was submitted to the court and upon due examination approved, and judgment upon default was entered against the defendants so served, including the plaintiffs in error. They had resided in Chase county from July 1, 1899, to January 1, 1904.  Where they resided prior to July 1, 1899, does not appear.  They did not know of the publication notice, and no other service was made upon them.  They did not learn of the pendency of the suit until a "long time" after judgment had been entered therein.

On December 20, 1905, a motion to vacate and set aside the judgment was filed in the original suit, alleging that the affidavit for publication was false, both as to the residence of the plaintiffs in error and as to the ability of plaintiff to make personal service upon Davis and wife by the exercise of due diligence.  Davis and wife were well known by the county officers of Chase county, and an examination of the records in the register of deeds' office of Finney county would have shown that they resided in Chase county at the time suit was commenced.  The land in controversy is still owned by the land company.  Upon the trial of the motion a demurrer to the evidence was sustained, and Davis and wife bring the case here for review.

*R. S. Cone,* and *Frank Doster,* for plaintiffs in error.

*W. R. Hopkins,* and *R. J. Hopkins,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is a motion to vacate a judgment on the ground that it is void for want of jurisdiction over defendants Davis and wife, who make the motion. The suit was one to quiet title to real estate situated in Finney county. The plaintiff was in possession by virtue of tax deeds, and defendants Davis and wife, among others, were the owners sought to be devested of title by the proceedings. They resided in Chase county. The plaintiff, in good faith, believing these defendants to be non-residents of the state, filed an affidavit as required by the statute in such cases, and gave notice by publication as the law provides. Davis and wife, knowing nothing of the proceeding, made default, and a decree was taken in favor of the plaintiff. More than five years afterward this motion was filed in the original case. No application was made for leave to defend, nor is it suggested that any defense exists. No equitable considerations, therefore, are presented. The sole contention is that the judgment is a nullity and may be set aside on motion at any time. The argument is made that the provisions of the statute relating to constructive service contemplate that the persons to be so served are in fact non-residents of the state, and therefore do not apply to persons who reside within the state; that the filing of the affidavit for service by publication cannot confer jurisdiction upon the court unless the facts therein stated are true; in other words, that the jurisdiction of the court depends upon the fact of non-residence, and not upon the evidence thereof furnished by the affidavit. This is the real point in the controversy.

In support of their contention the plaintiffs in er-

ror cite the case of *German Nat. Bank v. Kautter*, 55 Neb. 103, 75 N. W. 566, 70 Am. St. Rep. 371. In that case, however, the court found the action of the plaintiff in obtaining service and judgment to be fraudulent, while nothing of that nature exists here. The fraudulent conduct of the plaintiff in the case cited fully justified the decision made, and we fully concur in the conclusion reached by the court for that reason. In the discussion of the case, however, the court does not seem to have regarded the question of fraud in procuring service as important, but places its decision flatly upon the ground that a false affidavit cannot confer jurisdiction. To this extent it supports the theory of the plaintiffs in error here. We think the opinion, when considered apart from the facts, too broad, and are not inclined to follow it.

The question of jurisdiction must be determined by the statute. If the plaintiffs in error were non-residents of the state, then service by publication was proper. Whether a defendant is a non-resident or not is a question of fact, which must be determined by testimony before constructive service can be completed; and the only evidence required by the statute to establish this fact is the affidavit prescribed by section 73 of the code. (Gen. Stat. 1901, § 4507.) When such an affidavit has been filed, and notice given as provided by section 74 of the code (Gen. Stat. 1901, § 4508), and the proceeding has been examined and approved by the court as required by section 75 of the code (Gen. Stat. 1901, § 4509), then jurisdiction exists. In some states the law requires the court to determine from prescribed proof presented that the defendants to be constructively served are non-residents, in advance of the publication of the notice. Our procedure requires that this fact shall be determined before the judgment is entered. (Code, § 75; Gen. Stat. 1901, § 4509.) But whenever done, the finding amounts to an adjudication that all the steps required by law to bring the defendant into court have been

Davis v. Land Co.

taken. This determination establishes *prima facie* the jurisdiction of the court, and its subsequent judgments cannot be overthrown except for the causes and within the limitations prescribed by law. The question whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments. (*Ogden v. Walters,* 12 Kan. 282; *Larimer v. Knoyle,* 43 Kan. 338, 22 Pac. 487; *Hammond v. Davenport et al.,* 16 Ohio St. 177.)

It is urged in argument that this motion, having been filed in the original case, constitutes a direct attack upon the jurisdiction of the court, and should not be held to the strict rule applicable where the question is presented collaterally. We see no room for this distinction here. Where, as in this case, a court having jurisdiction renders judgment, a collateral attack cannot be made thereon. A direct attack may be made for the causes and within the limitations provided by law, but not otherwise. (17 A. & E. Encycl. of L. 824.) All remedy against this judgment had been lost by lapse of time when this motion was filed, except the one adopted, which rests upon the claim that the judgment is a nullity. This makes it subject to the same rules which apply to a collateral attack.

The judgment is valid when assailed in this manner, and a demurrer to the evidence presented was properly sustained and the rejection of that offered was not erroneous.

The judgment is affirmed.

JOHNSTON, C. J., GREENE, BURCH, SMITH, PORTER, JJ., concurring.

MASON, J., not sitting.