JAMES D. BARNETT *et al.* V. THE HOLYOKE MUTUAL FIRE INSURANCE COMPANY *et al.*

No. 15,664. (97 Pac. 962.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*General Appearance—Motion.* A motion by a defendant to set aside a judgment rendered against him, which contains both jurisdictional and non-jurisdictional grounds, constitutes a general appearance in the case.

2. ———— *Defective Service Cured.* In a suit to recover a judgment on a promissory note, and to foreclose a mortgage on real estate given to secure such note, the maker of the note and mortgage having died his administratrix and minor heirs were made parties and served with summons. A decree of foreclosure was taken against the minors as upon default, they not appearing in the suit. More than ten years afterward, and eight years after the youngest heir had reached the age of majority, they moved to set aside and vacate the judgment on the grounds, first, that they had not been legally served with summons, and, second, that the petition did not state facts sufficient to constitute a cause of action. The district court denied the motion for the reason that the last ground of the motion constituted a general appearance in the case and cured the defective service of summons complained of in the first ground thereof. *Held,* not error.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed October 10, 1908. Affirmed.

*J. G. Hutchison,* for plaintiffs in error.

*Baxter D. McClain,* and *Charles H. Apt,* for defendant in error B. E. Jones.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced in the district court of Wilson county, October 31, 1892, to recover judgment upon a promissory note and to foreclose a mortgage given upon real estate to secure the payment of such note. The note and mortgage were executed April 10, 1884, by James Barnett and Margaret L. Barnett, his wife, who then resided at Emporia, Lyon county, Kansas. On October 3, 1884, James Barnett died intestate, leaving as his surviving heirs his wife, Margaret L. Barnett, and six children, named Lulu Barnett, James D. Barnett, Samuel J. Barnett, Mary P. Barnett, Isabella C. Barnett, and Lily M. W. Barnett. The last named was born May 15, 1879, and was the youngest child. On March 10, 1890, Lulu died, unmarried and without children. On November 10, 1884, Margaret Barnett was duly appointed administratrix of her deceased husband's estate in Lyon county. On November 2, 1892, when service of summons was made upon the defendants in the foreclosure case, the children were minors, and their mother, Margaret L. Barnett, was their guardian, having been duly appointed as such by the probate court of Lyon county, where she resided. Judgment was entered against the administratrix for the amount claimed to be due on the note on February 9, 1893, and a decree of foreclosure was entered against all of the defendants. The judgment and decree were taken upon default, as none of the defendants, who are plaintiffs in error here, made an appearance in the case.

The note by its terms became due April 10, 1889. Interest was paid thereon as it became due until October 1, 1888, when payments thereof ceased. Prior to October 1, 1888, the payee and holder of the note, the Holyoke Mutual Fire Insurance Company, assigned to the Emporia Investment Company the future interest which might accrue upon the note. On the same

day the petition was filed the investment company, without service of summons, filed a cross-petition, in which it prayed for judgment against all the defendants for the amount of unpaid interest then due; that such judgment be declared to be a lien upon the land described in the petition; and that it be satisfied out of the proceeds of the land when sold under the plaintiff's mortgage.

The land was duly sold, the sale confirmed, and by subsequent conveyances defendant in error B. E. Jones became the owner thereof. On November 29, 1905, plaintiff in error Samuel J. Barnett filed a motion in the suit to vacate the judgment, which reads:

"Comes now the above-named defendant, Samuel J. Barnett, and moves the court to set aside and hold for naught the judgment of foreclosure rendered herein against him in the above-entitled cause on the 9th day of February, 1893, as to the following tracts of land in Wilson county, Kansas, and as to each and every tract thereof, to wit: . . . for the following reasons, to wit:

"(1) That said court had no jurisdiction to render and enter such judgment against him because he was not at any time or in any manner served with summons or other process in said action.

"(2) That said court had no jurisdiction to render and enter such judgment against him because the petition filed by said plaintiff herein, and the cross-petition filed herein by his codefendant, the Emporia Investment Company, and neither of them, stated any cause of action against him or showed that plaintiff or said Emporia Investment Company had either of them any right to a judgment of foreclosure against him."

Mary P. Barnett, Isabella C. Barnett and Lily M. W. Barnett also filed motions of the same kind, and James D. Barnett filed a like motion, except the first ground, which he omitted. All of these motions were denied. This action of the court constitutes the error complained of, and is the only question presented here.

Under the first ground of the motion it is claimed

that, the defendants being minors, the summons was not served upon them in the manner prescribed by statute. Lily M. W. Barnett was under fourteen years of age, and the statute providing how service shall be made in such cases is section 71 of the civil code, which reads:

"When the defendant is a minor under the age of fourteen years the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives."

The return of the sheriff making service reads:

"*State of Kansas, Lyon county, ss.:*

"Received this writ this 2d day of November, 1892, at 8 o'clock A. M., and on this 2d day of November, 1892, served the same by delivering a copy hereof, with all the indorsements thereon, duly certified, to the within-named defendant . . . Margaret L. Barnett, and Margaret L. Barnett, as administratrix of the estate of James Barnett, deceased, personally. . . . Served the same by leaving a copy thereof with the indorsements thereon, duly certified, at the usual place of residence of the within defendants, James D. Barnett, Samuel J. Barnett, Mary P. Barnett, Isabella C. Barnett and Lily M. W. Barnett. W. A. Barnett and S. Barnett, trustees, can not be found in my county."

It is insisted that the failure to deliver a copy of the summons to Lily M. W. Barnett in person, and also an additional copy to the mother, as guardian, made the service void, and therefore the court did not acquire jurisdiction of her. Defendant James D. Barnett was duly served by publication. It is claimed that Samuel J. Barnett was a non-resident of the state of Kansas when he was served by a copy of the summons left at his mother's home, as shown by the sheriff's return, he being at that time attending school in Chicago, "with the advice and consent of his mother," and has ever since been absent from the state. This contention is supported by several affidavits, but it was shown that

upon his entry as a student in the Denver University in September, 1893, he gave his home address as Emporia, Kan. It is further claimed that Mary P. Barnett, Isabella Barnett and Lily M. W. Barnett have no knowledge of the service of summons having been made upon them in any manner. This claim is sustained by their own affidavits, and is not contradicted.

It is further urged that the defendant investment company was not entitled to have judgment against any of the other defendants for the reason that no summons was served upon them in any manner notifying them of such cross-petition, and they were therefore not bound to take notice thereof. They insist that defendants are only charged with notice of the plaintiff's claim and such steps of a codefendant as may be taken after service of summons, and that, as the cross-petitioner filed its answer before any summons was issued, they were not chargeable with notice thereof.

These propositions have been elaborately discussed by counsel, and many authorities have been presented in support of the contention of plaintiffs in error. In the view we have taken, however, the law insisted upon is unavailing in this case. Whatever rights the defendants may have had to vacate and set aside the judgment and decree under the first ground of the motion have been waived by the second ground thereof, as it amounts to no more than a general demurrer, which does not raise a jurisdictional question. It has long been held by this court that an attack upon a judgment by a motion containing both jurisdictional and non-jurisdictional grounds constitutes a general appearance, the same as if an appearance had been made at the trial. (*Burdette v. Corgan,* 26 Kan. 102; *Meixell v. Kirkpatrick,* 29 Kan. 679; *Life Association v. Lemke,* 40 Kan. 142, 19 Pac. 337; *Investment Co. v. Cornell,* 60 Kan. 282, 56 Pac. 475; *Baker v. Land Company,* 62 Kan. 79, 61 Pac. 412; *Jones v. Standiferd,* 69 Kan. 513, 77 Pac. 271.)

This rule of law may appear to be harsh in some instances, but in a case like this it seems to be both just and salutary. The land in controversy was sold January 21, 1895. In the nature of things the defendants must have known when their land was sold and passed into the possession of strangers. No steps were taken by them to question the validity of the judgment until more than ten years after the sale and eight years after the youngest child had reached the age of majority. The judgment is assailed upon the ground that it is absolutely void for want of jurisdiction. If this contention had prevailed the attempted foreclosure proceedings would have been a nullity, the rights of all persons subsequently dealing with the land abrogated, and any attempt to reforeclose might have been unavailing because of lapse of time. It is not pretended that the mortgage debt has ever been paid except by the proceeds of the land, or that it ever can be otherwise satisfied. Courts do not look with favor upon the claims of persons who delay the enforcement of their rights for many years and until after the rights of innocent persons may be disturbed and injured by granting the relief requested.

Having reached the conclusion that the judgment is not void, no other question need be considered. A valid judgment can not be vacated except for the causes and within the provisions of the statute made for that purpose, being section 568 *et seq.* of the civil code. (*Ogden v. Walters*, 12 Kan. 282; *Larimer v. Knoyle*, 43 Kan. 338, 23 Pac. 487; *Hammond v. Davenport et al.*, 16 Ohio St. 177; 17 A. & E. Encycl. of L. 824; *Davis v. Land Co.*, 76 Kan. 27, 90 Pac. 766.) This proceeding was not intended to be within this statute, and does not comply therewith.

The judgment of the district court is affirmed.