## TRUGEON *et al.* v. GALLAMORE.

No. 647.  Opinion Filed September 13, 1910.

Rehearing Denied January 24, 1911.

1. **APPEARANCE—What Constitutes—Moving for New Trial.** A defendant who files a motion for a new trial in a case after judgment which is based on non-jurisdictional grounds, thereby enters a general appearance.

2. **APPEAL AND ERROR—Defect of Parties—Dismissal.** A petition in error by two or three defendants, against whom judgment was entered jointly for the recovery of a specified sum, to which the other defendant is neither made a party plaintiff nor defendant in error, must be dismissed for want of necessary parties.

(Syllabus by the Court.)

*Error from District Court, McClain County; R. McMillan, Judge.*

Action between E. W. Gallamore and W. H. P. Trugeon and others. From the judgment Trugeon and another bring error, Dismissed.

*J. W. Hocker,* for plaintiffs in error.

*J. F. Sharp,* for defendant in error.

DUNN, C. J.   This case presents error from the district court of McClain county.   October 10, 1908, a joint judgment was, rendered by that court against W. D. Catron, W. H. P. Trugeon, and W. B. Riley.   From this judgment W. H. P. Trugeon and W. D. Catron have sought to appeal without making of the co-judgment debtor a party either plaintiff or defendant in error. Counsel for defendant in error has filed a motion to dismiss this cause by reason of this defect.   This motion is resisted on the ground that no judgment was prayed against the said Riley and that the rendering of the same was void as no service was ever had upon him and no appearance made.   An inspection of the record discloses that in the motion which was filed to strike the complaint and in the demurrer filed thereto, as well as in the motion for new trial, counsel for plaintiffs in error, who were defendants in the lower court, filed the said motions and demurrer apparently appearing for each and all of the defendants.   In the motion for new trial on behalf of the defendants, referring to the verdict and judgment, it is alleged that the same were not sustained by sufficient evidence and were contrary to law and that the judgment was excessive, all of which, in view of the judgment rendered against the defendant who is not made a party in this court, was clearly a general appearance, the rule being that a defendant making a motion for a new trial in a cause after judgment, based on non-jurisdictional grounds, enters a general appearance.   4 American & English Ency. Law and Practice, p. 1005; *Tootle-Weakley Millinery Co. v. Billingsley, Trustee,* 74 Neb. 531; *Barnett et al. v. Holyoke Mutual Fire Ins. Co. et al.,* 78 Kan. 630, 97 Pac. 962; *Rogers v. McCord-Collins Mercantile Co.,* 19 Okla. 115.   The judgment entered being joint and but two of the three parties against whom it was rendered having been made parties in this court, the motion of counsel for defendant in error must be sustained, the rule being aptly stated in the case of *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937, as follows:

"A petition in error by two of three defendants, against whom judgment was entered jointly for the recovery of a specified sum,

to which the other defendant is neither made a party plaintiff nor defendant in error, must be dismissed for want of necessary parties."

The motion of counsel for defendant in error is sustained, and the appeal is, accordingly, dismissed.

All the Justices concur.