No. 23,636.

S. C. MARLER, *Appellee,* v. THE W. E. STEWART LAND COMPANY et al. (THE STEWART FARM MORTGAGE COMPANY and W. E. STEWART, *Appellants*).

No. 23,637.

A. H. FECHTER, *Appellee,* v. THE W. E. STEWART LAND COMPANY et al. (THE STEWART FARM MORTGAGE COMPANY and W. E. STEWART, *Appellants*).

No. 23,638.

SAM CRUMRINE, *Appellee,* v. THE W. E. STEWART LAND COMPANY et al. (THE STEWART FARM MORTGAGE COMPANY and W. E. STEWART, *Appellants*).

SYLLABUS BY THE COURT.

1. JUDGMENT—*Nonresident—Attachment Proceedings—Publication Service— False Affidavit—Vacation of Judgment Denied.* A petition to set aside a judgment obtained in attachment proceedings against a nonresident on the grounds that the affidavit for the attachment was false and the judgment therefor void, held to have been properly denied.

2. JURISDICTION—*Plea to Merits of Controversy—General Appearance—Any Defect in Service Waived.* A defendant who moves to set aside a judgment for want of jurisdiction over him and as one of the grounds of his motion alleges that some of the material allegations of the petition are false, and denies the averment of ownership of the property attached as set forth in the petition, is held thereby to submit himself to the jurisdiction of the court.

3. JUDGMENT—*Publication Service—False Affidavit.* The settled rule is followed that a judgment obtained on publication service is not void because the affidavit for publication is false.

Appeals from Shawnee district court, divisions Nos. 1 and 2; JAMES A. MC-CLURE and GEORGE H. WHITCOMB, judges. Opinion filed June 10, 1922. Affirmed.

*John S. Dean, Harry W. Colmery,* and *D. R. Hite,* all of Topeka, for the appellants.

*A. E. Crane,* of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued the defendant land company, The W. E. Stewart Farm Mortgage Company and W. E. Stewart, alleging that the land company was a nonresident with no office or place of business in Kansas; that the farm mortgage company was a

Missouri corporation having its offices and principal place of business at Kansas City, Mo., and was a nonresident; that the defendant, W. E. Stewart, was a nonresident of Kansas; that the land company was engaged in the sale of Texas lands; that the mortgage company was organized by its stockholders and Stewart for the purpose of holding title to their lands and that Stewart was an officer and director of both corporations. The petition stated that just prior to October, 1917, the defendants, for the purpose of inducing the plaintiff to purchase some of their Texas lands, through its officers and agents and Stewart personally, fraudulently represented to him that if he would purchase a certain tract of land containing forty acres he could raise three crops of broom corn thereon each year; that under the water rights and rights thereto to be conveyed to this plaintiff by them, the plaintiff could get water to raise such crops from the irrigation company whenever needed, and that he would not have to pay for the water rights until he had produced $10,000 worth of products on the land; that there was a rural route by his place, and that the land was worth $250 an acre, and the plaintiff could raise seventy-five bushels of corn an acre and in addition thereto could raise a winter crop; that relying on the truth of these representations, he made a written contract for the purchase of the land; that each and all of such representations were false and not intended to be carried out by the defendants and made for the purpose of inducing him to sign the contract, and the defendants knew, or ought to have known, that such representations were false, and fraudulently made, and that he relied on them without knowing of their falsity and entered into the contract giving in cash and notes $10,000 for the land; and that he had been damaged in that sum, for which he asked judgment. He alleged that the defendants owned certain real estate in Kansas, title being held either in Stewart or the mortgage company, describing certain lands in Shawnee county.

The attorney for the plaintiff made an affidavit for publication, setting forth therein that the cause of action was based upon the deceitful and false representations by which the defendants secured from the plaintiff $10,000 in cash and notes for little or no consideration, and that he believed the claim was just and the plaintiff ought to recover substantially that amount; that the defendants and each of them were nonresidents of Kansas, and that the defendant corporations were foreign corporations organized under the laws of

Missouri, but had been doing business in Kansas. Pursuant to this affidavit an attachment order was issued and an affidavit for service by publication was filed by the same attorney setting forth that this was an action brought under paragraph 78 of the civil code against a nonresident of the state and foreign corporations; that certain lands had been attached, describing them; that the plaintiff sought to sell them to satisfy his claim; and he averred that summons could not be had within this state.

On June 19, 1920, proof of service by publication was filed showing that constructive service by publication had been had. On August 23 judgment by default was taken against The W. E. Stewart Land Company, a corporation, The Stewart Farm Mortgage Company, a corporation, and W. E. Stewart. The journal entry recited that all the defendants, except W. E. Stewart, made default; that the plaintiff offered his evidence in support of his petition and rested his case. The court found that due service had been had upon the Stewart mortgage company, the land company and W. E. Stewart, foreign corporations and nonresidents, by publication as provided by law, the proof of which was examined and approved. The court further found that the allegations of the petition were true and the plaintiff was entitled to recover as prayed for therein; that the defendants were indebted to the plaintiff in the sum of $11,950, with interest, and that the property should be sold to satisfy such claim, and it was therefore adjudged that The W. E. Stewart Land Company, The Stewart Farm Mortgage Company and W. E. Stewart were each indebted to the plaintiff in the sum of $11,950; that the real estate of the defendants was duly and legally attached in this action and the same should be sold to satisfy the action. The cause of action was ordered to be continued as to The W. E. Stewart Investment Company for further proceedings and trial.

On January 8, 1921, W. E. Stewart and The Stewart Farm Mortgage Company filed a petition to set aside the service by publication and the judgment rendered thereon. Among the allegations were the following:

"3. That in his petition and affidavit for attachment filed in this cause the plaintiff fraudulently, wrongfully and falsely alleged the joinder of your petitioners with The W. E. Stewart Land Company in respect to the facts and representations therein alleged to have been made to plaintiff.

"4. That neither W. E. Stewart nor any officer, agent or representative of The Stewart Farm Mortgage Company were present at the making of any of the alleged representations stated in the petition, and that neither your

petitioner, W. E. Stewart nor any officer, agent or representative of The Stewart Farm Mortgage Company made any statements whatever in connection with the facts and representations therein alleged and neither of your petitioners have now or ever had any real or substantial interest in the pretended cause of action set out in said petition adverse to the plaintiff.

"6. That the plaintiff made all of said fraudulent, wrongful and false allegations for the purpose of causing to be issued out of this court an attachment of real estate of said W. E. Stewart in Shawnee County, as a mere pretense for constructive service by publication on all the defendants in this cause, and by such abuse of its process wrongfully attempted to confer jurisdiction upon this court, which otherwise it would not have."

After certain other allegations, came the prayer as follows:

"Whereupon your petitioners appearing specially for the purpose of this petition only ask this court to set aside the publication notice for service and the constructive service thereby secured, and that this court set aside the said judgment entered against your petitioners for want of jurisdiction in this court to render said judgment."

This petition was properly verified and on January 14, 1921, W. E. Stewart and the farm mortgage company filed an amendment thereto as follows:

"And Now Comes, W. E. Stewart, and The Stewart Farm Mortgage Company, and by way of amendment to their motion and special appearance filed herein on January 8, 1921, say that inadvertently the allegation is made in said motion that the real estate described and mentioned therein was owned by W. E. Stewart; that in truth and in fact the legal title of said real estate is in the said W. E. Stewart, but he holds the same in trust for The Stewart Farm Mortgage Company mentioned in said affidavit; and these moving defendants so appearing specially and for the purpose only of this motion and amendment ask that said motion be considered as amended as herein stated."

This amendment was supported by affidavit.

On January 22, 1921, the petition of W. E. Stewart and The Stewart Farm Mortgage Company came on for hearing. The attorney for the plaintiff objected to any evidence in support of the motion and moved the court to overrule the same for the reason that by these motions they had entered a general appearance in the cases, and the questions raised by the petition with reference to the facts alleged therein had been settled and the judgment rendered was *res adjudicata* of those facts.

On February 19, 1921, the court rendered judgment sustaining the objection to any evidence in support of the petition and overruled it. From this ruling the defendants, The Stewart Farm Mortgage Company and W. E. Stewart, appeal.

They assign as error the sustaining of the objection to the introduction of evidence and the overruling of the petition to set aside service by publication and the judgment rendered thereon. The three cases, Nos. 23,636, 23,637 and 23,638, involve the same questions and will be considered and determined together.

The defendants argue that as the statute provides for service by publication on nonresident owners and attachment only when they have property or debts owing them in this state, if they had no property or debts in fact they are not subject to the jurisdiction of our courts. While they concede the existence of the statutory ground against The Stewart Farm Mortgage Company, they contend the joinder of the other parties was baseless and therefore void.

The plaintiff refers to the grounds of the motion to set aside the judgment and says that the defendants by incorporating nonjurisdictional matters subjected themselves to the jurisdiction of the court. Further, that the attachment affidavit and affidavit for publication must now be taken as true, and their verity cannot be inquired into since the court considered them as true and entered judgment on the strength thereof; that even if as a matter of fact the complaining defendants had no property here this would not render the judgment void, or, in other words, the untruthfulness of the affidavit could not have that effect. In *Cohen v. Trowbridge*, 6 Kan. 385, the motion to set aside the judgment was based on the grounds, among others, that the affidavit was defective, the publication notice was defective, and that the defendant had no interest in the property taken by the judgment. The court, speaking by Kingman, C. J., said:

"The fifth, sixth, seventh, and eighth grounds of his motion go to the merits of the case, and to questions of irregularity in the proceedings, other than jurisdictional ones; therefore, it must be held to be such an appearance as waived the defective notice of publication." (p. 393.)

*Life Association v. Lemke*, 40 Kan. 142, 19 Pac. 337, is to the same effect. In *National Bank v. Peters*, 51 Kan. 62, 32 Pac. 637, holding that after the seizure of property and judgment and due service by publication, the judgment and proceedings are conclusive upon the parties to the action and their privies, it was said:

"If it were competent for Peters, in the proceedings to determine the priority of the attachment liens, to show by *ex parte* affidavits that he had no interest in the property attached by the bank which was seized and sold as his property, then Schaeffer had also the right to make proof in the same way, and show that he had no interest in the property seized and sold. The

Marler v. Mortgage Co.

result would be, that upon *ex parte* affidavits in collateral proceedings, after seizure, judgment, and sale, such judgment and all proceedings thereunder might be set aside and vacated. If such were the law, attachment proceedings against non-residents might be wholly abortive." (p. 69.)

In *Frazier v. Douglass,* 57 Kan. 809, 48 Pac. 36, the defendant undertook.to make a special appearance to set aside the service of summons, but in his affidavit he said he was the owner in fee of the land described and in possession, and that the plaintiff had no right or title thereto. The court said:

"Where a defendant alleges and submits to the court matters that are non-jurisdictional, he recognizes the general jurisdiction of the .court, and waives all irregularities which may have intervened in bringing him into court." (p. 811.)

That a decree quieting title to real estate upon publication service is not void because the affidavit for publication is untrue was decided in *Davis v. Land Co.,* 76 Kan. 27, 90 Pac. 766. The argument was made that the statute contemplated publication service on those only who are in fact nonresidents and cannot apply to residents, and the filing of false affidavits cannot confer jurisdiction, but it was held:

"Whether the defendant is a non-resident or not is a question of fact, which must be determined by testimony before constructive service can be completed; and the only evidence required by the statute to establish this fact is the affidavit prescribed by section 73 of the code. . . . When such an affidavit has been filed, and notice given as provided by section 74 of the code, . . . and the proceeding has been examined and approved by the court as required by section 75 of the code, . . . then jurisdiction exists. . . . The question whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments." (pp. 30, 31.)

In *Barnett v. Insurance Co.,* 78 Kan. 630, 97 Pac. 962, ten years after a foreclosure had been taken against certain minors upon default, one of them who had become of age moved to vacate the judgment, one ground being that the petition did not state facts sufficient to constitute a cause of action. The motion was denied because the second ground constituted a general appearance and cured the defective service. That fraud practiced by a successful party must be collateral to the issues involved in the action on which the judgment is founded was decided in *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80, and it was held that the defendant in such a judgment taken by default could not have it set aside because the allegations in the plaintiff's petition were untrue. The

chief justice said in the opinion: "There would be no finality in a judgment and no end of litigation if the contrary view were taken." (p. 341.)

In *Schultz v. Stiner*, 97 Kan. 555, 155 Pac. 1073, in his motion to set aside the judgment, the defendant undertook to appear specially to ask relief on the ground that he was not liable on the note sued on, and it was held that he thereby placed himself in the same position as if he had appeared at the trial. (See, also, *Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133.)

Here, in the petition to set aside the service and judgment, Stewart and the farm mortgage company allege that neither was present at the making of the alleged false representations set up in the petition and that neither of them had ever had any real or substantial interest in the cause of action and that the property in truth belongs to Stewart personally. In the amendment to the motion, they say the former allegation that the property belonged to Stewart was a mistake and that it in fact belongs to him in trust for The Stewart Farm Mortgage Company. The affidavit for publication was based on alleged false representations and the consequent procurement of $10,000 from the plaintiff, the nonresidence of the defendants and the ownership of the property attached; and the court not only approved the service, but found that the allegations of the petition were true. So the petition to set aside the service and judgment presented the issue as to the truthfulness of the petition and the affidavit for publication, and also the question as to who owned the property attached.

It is settled law in this state that a judgment is not void because obtained by false testimony, and that the judgment rendered on publication service is not void because the affidavit for publication was false. It is equally well settled that when a defendant moves to set aside the judgment on nonjurisdictional as well as jurisdictional grounds, he can no longer successfully claim that the court has no jurisdiction over him.

While, therefore, it is true as argued by the defendants that attachment can be had only when the debtor has property in this state, it is equally true when an affidavit in proper form is presented and favorably passed on by the court, and a petition alleging fraud, nonresidence, and ownership of the property here is presented to and passed upon by the court and found to be true, and judgment thereupon rendered, the actual nonownership of such property or

actual falsity of the affidavit does not render the judgment void. It is conceded the court had jurisdiction of one of the defendants, but the complaint is that by virtue of false affidavits and allegations, the complaining defendants were wrongfully joined as parties. But the real effect of such allegations and affidavits together with the averments of the defendants' motion was as already indicated.

The ruling of the trial court was in accordance with these settled principles, and is therefore affirmed.