No. 28,944.

MRS. CHARLES KASTNER, *Appellant,* v. NOTY TOBIAS, *Appellee.*

(282 Pac. 585.)

Opinion filed December 7, 1929.

*David Ritchie,* of Salina, for the appellant.
*A. F. McCarty,* of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court overruling a motion to confirm a sheriff's sale and sustaining a motion to vacate as void the judgment on which the sale was based. At the request of counsel the trial court made findings of fact and conclusions of law which tell the story of the controversy as follows:

### "FINDINGS OF FACT.

"On January 6, 1925, plaintiff filed in the office of the clerk of the district court of Saline county, Kansas, a mechanic's lien statement, claiming a lien on lot 69 on Eighth street, in Salina, Saline county, Kansas, in the sum of $433.50 with 6 per cent interest from November 11, 1924, the claim being for the installation of a furnace on said premises.

"2. On November 9, 1925, plaintiff filed her petition in the district court of Saline county, Kansas, asking for a judgment against defendant and the foreclosure of her mechanic's lien aforesaid, . . .

"3. No summons was issued at the time of filing said petition and no præcipe for summons was filed by plaintiff at said time or until February 11, 1926, as hereinafter mentioned.

"4. On January 4, 1926, counsel for plaintiff presented to the judge of the above-named court a journal entry of judgment as upon default of defendant, which journal entry the judge signed, and entered said judgment on the docket of the court, said judgment being for $461.25, with interest thereon at

6 per cent from said January 4, 1926, said amount resulting from a computation of the interest and principal of the sum of $453.53, as claimed in the petition, and for a foreclosure of the mechanic's lien set up in said petition.

"5. Thereafter, on February 4, 1926, and at the same term of court, defendant filed a motion to vacate and set aside the pretended judgment entered in said cause on January 4, 1926, on the ground that no summons was issued or served upon defendant. In filing said motion defendant appeared specially for the purpose of said motion only and she did not enter her appearance in said action nor waive the issuance or service of summons upon her. Said motion was not presented to the court nor argued until now.

"6. Thereafter, and on February 11, 1926, counsel for the plaintiff filed plaintiff's præcipe for summons to be issued in said cause, which præcipe requested the summons to be indorsed: 'Action for foreclosure of lien upon lot 69 on 8th street in the city of Salina, Kansas, and the recovery of money in the sum of $453.53 with interest from October 9, 1925.'

"7. On the same day, to wit: February 11, 1926, a summons was issued out of the said court and in the name of the state of Kansas, and in the usual form of summonses, and bearing the seal of this court, which summons commanded the sheriff of Saline county, Kansas, to notify Noty Tobias that 'she had been sued by Mrs. Charles Kastner in the district court of Saline county, Kansas, and that she must answer the petition of said plaintiff above named filed against her in the clerk's office of said court, on or before the 15th day of March, 1926, and was indorsed: "Suit·brought for foreclosure of lien upon lot 69 on 8th street in the city of Salina, Kansas, and the recovery of money in the sum of $453.53 with interest from October 9, 1925." '

"8. The summons above described was served upon Noty Tobias, the defendant, by the sheriff of Saline county, on the —— day of February, 1926.

"9. Thereafter, on March 15, 1926, the answer day named in said summons, the defendant filed in said court and cause her answer to the plaintiff's petition and the causes of action therein stated, which answer sets up a defense being in substance that the installation of the furnace was defective and of no value to defendant.

"10. Thereafter, on one occasion at least, an attorney for plaintiff called up the case in open court, requesting the clerk to place it upon the printed docket as a pending action, so it could be considered for setting of trial.

"11. On November 21, 1928, plaintiff filed a præcipe for an order of sale for lot 69 on 8th street, in the city of Salina, Kansas, 'pursuant to the judgment rendered in said cause on the 4th day of January, 1926.'

"12. An order of sale was issued on the same day, to wit: November 21, 1928, and pursuant thereto, the sheriff of Saline county, Kansas, advertised and offered said real estate for sale on December 22, 1928, and on said date purported to have sold said real estate to D. G. Stack for the sum of $550.00. The defendant makes no objection to the regularity of the sheriff's proceedings nor of his return and report of sale.

"13. The defendant, Noty Tobias, knew nothing of the case, or that she had been sued or was about to be sued, until January 6th, 1926, two days after the aforesaid judgment was entered, when she was informed of said judgment by plaintiff's attorney. She never entered an appearance in said action nor

waived the issuance or service of summons upon her, nor was any general appearance made for her by counsel prior to March 15th, 1926.

"Conclusions of Law.

"1. The action was not commenced until February 11, 1926; when plaintiff caused a summons to be issued.

"2. The court had no jurisdiction of Noty Tobias, the defendant, nor of any cause of action stated in plaintiff's petition, on January 4, 1926.

"3. The judgment entered on January 4, 1926, was void.

"4. The motion of defendant, filed February 4, 1926, to vacate and set said judgment aside, was based wholly on jurisdictional grounds, was a special appearance, and conferred no jurisdiction on the court of the defendant.

"5. The filing of her answer by defendant on March 15, 1926, was a general appearance; it was not voluntary, but involuntary, in response to the summons theretofore served upon her, and by filing said answer defendant did not waive her rights so as to render the judgment valid.

"6. The court acquired full jurisdiction of Noty Tobias, the defendant, on the date when a true copy of the summons was served upon her, and the filing of her answer theretofore conferred no additional jurisdiction as to her upon the court and did not render the judgment valid.

"7. The court has at all times since February 4, 1926, had jurisdiction of defendant's motion, filed on said date, to vacate and set said judgment aside, and said motion should be sustained and allowed.

"8. The sale held by the sheriff, hereinbefore described, was void.

"9. The motion of the plaintiff for a confirmation of said sheriff's sale should be overruled and denied."

The plaintiff has appealed and in effect concedes that the judgment of January 4 was void at the time it was rendered for the lack of jurisdiction of the court over the person of the defendant; also that the special appearance and motion to set aside that judgment, which defendant filed February 4, were well taken and that the motion should have been sustained if it had been presented to the court at any time before March 15, when defendant filed an answer. But appellant contends that by filing the answer March 15 defendant made a general appearance in the case, gave the court jurisdiction of the person of defendant and thereby waived the motion to set aside the judgment and all objections to the judgment based on the fact that the court at the time judgment was rendered had no jurisdiction of the person of the defendant, and that the effect of this general appearance is to make the judgment of January 4 a valid judgment. Unless this result can be said to be reached as a cold conclusion of law, the findings of the trial court are against the contention of appellant. The trial court found in effect that after defendant's motion was filed on February

4, to set aside the judgment of January 4 as void, the plaintiff conceded the invalidity of that judgment by the filing of a præcipe for summons on February 11 and causing the summons to be issued as though the petition were filed on that date and by treating the case as one for trial upon the pleadings, after defendant had filed the answer, by requesting in open court that the case be placed on the docket so that it could be assigned for trial, and further, that defendant had never withdrawn or abandoned the motion to set aside the judgment filed February 4, and that the same was still pending before the court for consideration. Appellant cites and relies upon a number of the former decisions of this court. (*Burdette v. Corgan,* 26 Kan. 102; *Meixell v. Kirkpatrick,* 29 Kan. 679; *Life Association v. Lemke,* 40 Kan. 142, 19 Pac. 337; *Investment Co. v. Cornell,* 60 Kan. 282, 56 Pac. 475; *Baker v. Land Company,* 62 Kan. 79, 61 Pac. 412; *Abercrombie v. Abercrombie,* 64 Kan. 29, 67 Pac. 539; *Jones v. Standiferd,* 69 Kan. 513, 77 Pac. 271; *Barnett v. Insurance Co.,* 78 Kan. 630, 97 Pac. 962; *Bank v. Courter,* 97 Kan. 178, 155 Pac. 27; *Dye v. Railroad Co.,* 101 Kan. 666, 168 Pac. 1087; *Marler v. Mortgage Co.,* 111 Kan. 488, 207 Pac. 823; *Butter Tub Co. v. National Bank,* 115 Kan. 63, 222 Pac. 754; *King v. Ingels,* 121 Kan. 790, 250 Pac. 306.)

It will not be necessary to take up and analyze each of these cases separately. It is sufficient to say that each of them has been considered. In none of them had plaintiff abandoned a judgment previously taken and caused a proper summons to be issued as at the beginning of an action, and later, when issues were joined in response to such summons, asked to have the cause set for trial on such issues.

Our statute (R. S. 60-301) provides that an action is begun by the filing of the petition and the causing of the summons to be issued and served. Here, while the petition had been filed earlier, plaintiff did not cause a summons to be issued until February 11, 1926, and the court correctly held that there was no action pending prior to that date. It necessarily follows that the judgment of January 4 was void. Our statute (R. S. 60-3009) also provides that a void judgment may be vacated at any time on motion. The motion to set aside was therefore good, and the court could act upon and sustain the motion any time it was properly called to its attention.

Generally speaking, under our procedure a court does not acquire jurisdiction of the person of a defendant unless summons is issued

and served upon him, or unless he enters a voluntary appearance in the action. Defendant's appearance, by the answer filed March 15, was compulsory (I Bouvier's Law Dict. 212) as distinct from voluntary (4 C. J. 1315), it being in response to the summons served. But whether voluntary or compulsory an appearance may be special or general. Defendant's first appearance in this case was special to set aside the void judgment, and the motion for that purpose lay in the court unacted upon until the motion to confirm the sheriff's sale came up for consideration. Defendant's appearance by answer filed March 15 was general, but this answer is not what gave the court jurisdiction of the defendant. The court acquired jurisdiction of defendant by virtue of the summons issued February 11 and the service thereon. The answer, being compulsory and in response to the summons, the regularity of which and the service thereunder were not questioned, was not a waiver by defendant of the motion previously filed to set aside the void judgment nor deprive the court of jurisdiction to pass upon that judgment. It necessarily follows there was no error in the court's ruling.

There is an additional reason why the ruling of the trial court should not be disturbed. Under the statute (R. S. 60-3463) the court is not required to confirm a sale unless he finds the proceedings regular and in conformity with law and equity. It would be decidedly inequitable to permit plaintiff to treat the void judgment as abandoned, to have summons issued which compels the defendant to answer, and then take advantage of that answer to validate the void judgment.

The judgment of the court below is affirmed.