Frazier v. Douglass.

S. A. FRAZIER v. JOHN C. DOUGLASS.

No. 9577.

DEFECTIVE SERVICE WAIVED — *by filing in support of motion to set aside, defendant's affidavit going to merits.* Where a defendant makes what he calls a special appearance to set aside the service of a summons, and at the same time sets up and submits matters which relate to the merits of the case and are non-jurisdictional in character, he will be deemed to have waived the defects in the service of the summons and to have submitted himself and his rights to the jurisdiction of the court.

*Error from Jefferson District Court.*
*Hon. Louis A. Myers, Judge.*

REVERSED AND REMANDED.          OPINION FILED MARCH 6, 1897.

*C. D. Walker, M. Gephart* and *J. L. Berry*, for plaintiff in error.

*John C. Douglass*, for defendant in error.

JOHNSTON, J.  S. A. Frazier obtained a tax deed upon a quarter-section of land in Jefferson County which he placed on record on November 17, 1890. On November 12, 1892, before the two-years' statute of limitations had run against him, he filed in the District Court a petition in ejectment, asking a re-

covery of the land from John C. Douglass, together with rents and damages. A summons was promptly issued, which the sheriff made an attempt to serve on November 17, 1892; but it appears that the paper served upon Douglass was not a strict copy of the summons. The copy had written therein the year "1882," wherever the year "1892" appeared in the original. Otherwise, the paper served was a true copy of the original summons, which was in due form, and upon which the Sheriff made his return. On February 8, 1893, when the case was reached, and after the statute of limitations above referred to had run, a motion was made by Douglass to quash and set aside the summons and the service thereof because of the defects mentioned. It was alleged by Douglass that the appearance was special, and for the purpose of the motion only; and, at the same time, he filed an affidavit in support of the motion. The motion was sustained and the service of the summons was quashed and set aside. Another summons was immediately issued and served; but when the case came on for trial, and the plaintiff offered in evidence his tax deed, an objection was made for the reason that more than two years had elapsed between the recording of the deed and the commencement of the action. The objection was sustained; and the plaintiff therefore failed to maintain his cause of action.

The first question for consideration is the action of the court in setting aside the service of the summons. The original summons, as issued and placed in the hands of the Sheriff, was a valid writ in all respects. In his return thereon, the Sheriff stated that he served it personally, by delivering to the defendant, Douglass, a true copy thereof, with all the indorsements thereon. It is said that the error in writing the year

in the copy occurred through the use by the Sheriff of an old blank, in which "188–" was printed instead of "189–," and to which the Sheriff added the figure "2" without changing the figure "8." According to the copy, the defendant was required to answer the summons on December 12, 1882, which was an impossible date. If the defendant had examined the files of the court after the copy was served upon him, he would have discovered that the petition was filed in 1892, instead of in 1882. Whether the objection was fatal we need not determine, as the appearance made by the defendant, at the time he moved to set aside the service, must be held to have been a general one. In his sworn statement, which was coupled with the motion, the defendant alleged "that he is the owner in fee and has a valid title to the land described in said plaintiff's petition filed in said case, and is in the peaceable and rightful possession of the same, and that said plaintiff has no right or title thereto or to its possession; and further says that said land is of great value, to wit, of the value of $3,000." As will be readily seen, the plaintiff set up matters which were nonjurisdictional and had no bearing upon the motion he had made. Where a defendant alleges and submits to the court matters that are non-jurisdictional, he recognizes the general jurisdiction of the court, and waives all irregularities which may have intervened in bringing him into court. Whatever may have been the purpose of the defendant in alleging these matters, it is clear that they do not relate to the question of service or of jurisdiction. Although not entirely formal, the averments relate to the merits of the controversy and amount to a complete answer of the allegations of the petition. When the defendant set up matters and submitted questions which were not jurisdictional, he submitted himself and his rights to the jurisdiction of

the Court, and he cannot be heard to say that it had no jurisdiction. *Meixell v. Kirkpatrick*, 29 Kan. 679 ; *Insurance Co. v. Lemke*, 40 id. 142.

We think the ruling setting aside the service was erroneous, and, as it operated to defeat the plaintiff's action, it must be regarded as prejudicial error.

We have considered the objections to the jurisdiction of this Court to review the rulings of the District Court and find that they cannot be sustained.

The judgment of the District Court will be reversed and the cause remanded for a new trial.

All the Justices concurring.