Douglass v. Frazier.

---

John C. Douglass and Thomas Lowry v. S. A. Frazier.

No. 684.* (62 Pac. 1118.)

Error from Jefferson district court; Louis A. Myers, judge. Opinion filed October 6, 1900. Affirmed.

*John C. Douglass*, for plaintiffs in error.

*C. D. Walker*, for defendant in error.

*Pending in supreme court on appeal.—Rep.

The opinion of the court was delivered by

WELLS, J. : The defendant in error, S. A. Frazier, as plaintiff below, brought suit in the district court of Jefferson county against the plaintiffs in error for the recovery of the southeast quarter of section 9, township 10, range 17, in Jefferson county, claiming title under a tax deed, and for rent and profits. The answer was a general denial. The case was tried in 1893, and resulted adversely to the plaintiff below, was appealed, reversed by the supreme court, and remanded for a new trial. (*Frazier v. Douglass*, 57 Kan. 809, 48 Pac. 36.)

On May 24, 1898, the case came on for trial, and the court heard the evidence and held that plaintiff's deed was voidable on account of irregularity in the tax proceeding anterior to the deed, and rendered judgment accordingly. The plaintiff moved for an accounting, and for judgment for the taxes, penalties and costs paid by him, with interest. At the conclusion of the trial the court found that plaintiff had paid in taxes, penalties and costs the sum of $711.58, and declared the same a lien on the real estate. The court adjudged the amount to be a lien on the lands and ordered that the same be sold after ten days to satisfy the judgment. The defendants presented their motion for a new trial, which was overruled, and prepared and present their case-made for reversal of the judgment.

We do not think that the objection to the consideration of the case upon its merits is well taken. The case-made contains all that is necessary for a consideration of the one question raised.

The only real question in the case is : What taxes are referred to in section 205, chapter 158, General

Statutes of 1897 (Gen. Stat. 1899, § 7339)? Is the holder of a void or voidable tax deed, upon a failure of title thereunder, entitled to recover all the taxes paid by him, whether the same were legally levied or not, or can he recover only such parts of the sums paid as were legally levied upon the land, with interest and costs? This question we have just considered in the case of *Barker v. Mecartney*, ante, p. 130, 62 Pac. 439, and decided adversely to the contention of the plaintiff in error.

The dates and sums paid for taxes and costs are facts to be proven as any other fact, and the court did not err in admitting the deed and receipts in evidence. The judgment of the district court is affirmed.

McELROY, J., concurring.

MAHAN, P. J., dissenting.