No. 18,692.

GEORGE H. WOODHOUSE, as Administrator, etc, *Appellee,* v. THE NELSON LAND & CATTLE COMPANY, *Appellant.*

No. 18,693.

R. L. WOODHOUSE, *Appellee,* v. THE NELSON LAND & CATTLE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. JURISDICTION — *Defective    Service — General    Appearance — Waiver of Service.*   The defendant in an action can not voluntarily apply for and receive the benefit of an exercise of a court's general jurisdiction and then deny submission to such jurisdiction.

2. SAME.   The facts considered, and held that procuring a stay of the execution of a judgment constituted a general appearance in the action and precluded the defendant from afterwards challenging the judgment as void for defective service of process.

Appeals from Wallace district court; JACOB C. RUPPENTHAL, judge.   Opinion filed March 7, 1914.   Affirmed.

*W. E. Ward,* of Sharon Springs, *Samuel Maher,* of Kansas City, *W. A. Craven,* and *H. L. Moore,* both of Excelsior Springs, Mo., for the appellant.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Burch, J.: In these cases the defendant appeared specially to contest the jurisdiction of the court, alleging that the service was void. After a hearing the court held the service to be valid. The attorney for the defendant refused to plead or to participate in the trial which followed, but remained in court. At the conclusion of the trial judgment was rendered for the plaintiff. By suggestion of its attorney the defendant then procured a stay of execution until June 11, 1912. The proceedings recited occurred on the 28th and 29th of May, 1912. Notice of appeal was not served until March 10, 1913. Can the defendant now contest the validity of the judgments rendered on the ground of want of jurisdiction?

The defendant abandoned its attitude of protest and appealed to the general jurisdiction of the court for an affirmative order beneficial to itself. This constituted a general appearance and rendered the character of the original service immaterial. (*Investment Co. v. Cornell,* 60 Kan. 282, 56 Pac. 475, and cases cited in the opinion; *Thompson v. Greer,* 62 Kan. 522, 64 Pac. 48; *Franse v. Armbuster,* 28 Neb. 467, 47 N. W. 481.)

It is not necessary to consider what the effect of the appearance would have been if it had been limited to the single purpose of continued resistance to the jurisdiction of the court and recovery by the plaintiff. Thus if a notice of appeal had been filed at once and a request had been made for a stay in the nature of a supersedeas a different question might be presented. The appeal, however, was not taken for many months,

and the only purpose of the stay seems to have been to favor the defendant at the expense of the plaintiff. The defendant can not voluntarily apply for and receive the fruits of an exercise of the court's general jurisdiction and then deny submission to such jurisdiction.

The judgment of the district court is affirmed.