Makemson v. Edwards.

No. 20,781.

W. D. MAKEMSON, *Appellee*, v. JOHN A. EDWARDS, *Appellant*.

SYLLABUS BY THE COURT.

ACTION—*Nonresident Defendant Joined with Local Defendant—General Appearance by Nonresident—Jurisdiction.* The plaintiff sued a local defendant and a nonresident defendant jointly, alleging damage done to his property by their cattle. The nonresident defendant joined in a motion to make a third party defendant, and a motion to require plaintiff to make his petition more definite and certain, and a stipulation for time in which to amend the petition, including a continuance. When the case was called for trial he demanded a jury, and none being in attendance a continuance was had until the next regular term, when the case being again called he filed an amendment to his answer to the effect that the local defendant "was in no wise interested in the action or liable to plaintiff, and had been joined only for the purpose of attempting to give the court jurisdiction over the nonresident, and objecting to the jurisdiction of the court. At the close of the plaintiff's testimony the nonresident defendant demurred thereto as affecting the local defendant, which demurrer was sustained. Thereupon he demurred to such testimony as to himself and moved a dismissal on the ground that the court had no jurisdiction to render judgment against him, a nonresident, because there was no substantial case against the local defendant. *Held,* that having appeared generally in the action without raising the question of jurisdiction such demurrer and motion to dismiss were properly overruled.

Appeal from Haskell district court; GEORGE J. DOWNER, judge. Opinion filed July 7, 1917. Affirmed.

*Richard J. Hopkins,* of Garden City, for the appellant.

*G. W. Sawyer,* of Liberal, for the appellee.

The opinion of the court was delivered by

WEST. J.: March 19, 1914, plaintiff filed his petition in the district court of Haskell county against John A. Edwards and B. F. McCracken, alleging that they were the owners of 750 head of cattle, more or less, and that such cattle had broken into the plaintiff's premises and destroyed certain trees and grass to his damage of $800. May 14, 1914, the defendants filed a joint motion that a third person be made a party defendant, and on the same day filed their joint answer denying

liability and praying judgment for costs. September 17, 1914, the defendants filed a joint motion to require the plaintiff to make his petition more definite and certain. Septebmer 24, 1914, a stipulation was filed that the plaintiff might have until October 28 in which to amend his petition and that the case be continued until the next regular term. October 27, 1914, plaintiff filed his amended petition and on April 5, 1915, the cause came on for hearing upon the motion of the defendants to add a party defendant, which was overruled. The case being called for trial the defendant, Edwards, demanded a jury, and none being in attendance the trial was continued until the next regular term when, the case being called for trial, Edwards obtained leave to file an amendment to his answer to the effect that McCracken was in nowise interested in the action and in nowise liable to the plaintiff and had been made a defendant only for the purpose of attempting to give the court jurisdiction of Edwards, a *bona fide* resident of Greenwood county, "and this defendant objects to the jurisdiction of this court to hear and determine the matters involved herein." Upon the close of the plaintiff's testimony Edwards demurred thereto as not in any way tending to prove any cause of action against McCracken, and the demurrer was sustained. Thereupon Edwards demurred to the testimony as being insufficient to sustain the allegations of the plaintiff's petition and moved that the case be dismissed as to himself, which demurrer and motion were overruled. Verdict and judgment went against the defendant Edwards, who appeals and asserts that the one question involved is the jurisdiction of the court, the action as he claims having been wrongfully brought in Haskell county. The plaintiff insists that Edwards submitted himself to the jurisdiction of the court and can not now raise the question of jurisdiction.

None of the evidence is brought up, and there is nothing except the result to show that the case as to the defendant McCracken was fictitious or collusive. Not until after all the preliminary questions of pleading had been settled and the plaintiff had introduced his evidence, did it appear that the case should be dismissed as against McCracken. Whether the plaintiff failed because his evidence was insufficient to establish a cause of action which he had, or because he had none in

Makemson v. Edwards.

fact, we are not advised, nor whether or not he made Mc-Cracken a defendant because he thought he had a case against him, or merely for the purpose of subjecting Edwards to litigation in Haskell county.

It has been repeatedly declared that before the nonresident can be joined a cause of action must exist against the local defendant. (*Brenner v. Egly,* 23 Kan. 123; *Rullman v. Hulse,* 32 Kan. 598, 5 Pac. 176; *Rullman v. Hulse,* 33 Kan. 670, 7 Pac. 210; *Linney v. Thompson,* 44 Kan. 765, 25 Pac. 208; *Hembrow v. Winsor,* 94 Kan. 1, 145 Pac. 837.) In *Brenner v. Egly,* suit was brought against George Brenner, a surety, who, in the local county, was joined with another against whom the action was dismissed. In the opinion it was said that in such cases both parties should be real and proper parties to the action and shown to be such on trial. That where the local defendant obtains a judgment in his favor or the action as to him is voluntarily dismissed, it would be presumed that he was not a real or proper party to the action, but that he was made a party for the purpose of suing the other in a county in which he did not reside and could not be summoned. In that case the nonresident set up suretyship in his answer and asked therein that his rights be protected, and that the case be dismissed against him if judgment should not be recovered against the local defendant. *Rullman v. Hulse* was an action on three promissory notes. The nonresident moved to discharge the attachment on the ground that the court had no jurisdiction of the property and that the order of attachment was void. The motion was granted, and this was held proper for the reason that the cause was not rightly brought in the local county, and hence there was no authority to issue an order of attachment to another county. In the decision denying a rehearing (33 Kan. 670, 7 Pac. 210), it was held that as the rightfulness of the suit in the local county was not one of the issues presented by the pleadings, and could not be heard or tried upon the final trial upon the merits, the only manner in which it could be heard or tried would be upon a motion or a plea in the nature of a plea in abatement "filed and presented for hearing before answer to the merits, and before any general appearance in the case." (p. 673.) *Linney v. Thompson* was an action on a note; the plaintiff's ownership

of the note was denied and on this depended his right to bring the suit and join the other defendants, and it was held that this was not a matter which could well be heard upon a plea in abatement, and that the defense was not properly set up by motion to set aside the summons and service to dismiss the action, but should have been raised by answer so that the question of ownership could be tried by a jury if demanded. In *Hembrow v. Winsor* a demurrer was sustained as to certain defendants who were nonresidents of the state and left pending against a nonresident of the county where the action was brought, and it was held that his motion to dismiss was rightly sustained. He had in his answer challenged the jurisdiction of the court and alleged that the action was brought in bad faith for the purpose of obtaining jurisdiction over him.

When, therefore, the question of jurisdiction is properly and promptly raised and presented and it is made to appear that the local defendant was sued for the mere purpose of subjecting a nonresident defendant to litigation in the county where the suit was brought, the nonresident is entitled to a dismissal as to him.

Another familiar rule is that one who voluntarily subjects himself to the jurisdiction of the court, can not thereafter question such jurisdiction. In *Meixell v. Kirkpatrick*, 29 Kan. 679, an action to recover certain municipal bonds, the case was brought in Wilson county and the defendant resided in Labette county. The court said:

"Matthewson was served in that county, and Meixell in Labette county. Now, if Matthewson and Meixell were improperly joined as defendants, and that fact was made to appear, and the single question of jurisdiction over Meixell presented, it may be conceded that no jurisdiction over Meixell was obtained, and that the plea to the jurisdiction should have been sustained. But it is also true that the district court of Wilson county had ample jurisdiction over the subject-matter; and when Meixell appeared in that court, and by his pleadings raised questions other than jurisdictional, he thereby submitted himself and his rights to the jurisdiction of that court. When served with the summons, he appeared and filed a demurrer, which while it alleged a lack of jurisdiction, presented also a number of other defenses, and defenses on the merit. Such plea, by the prior adjudications of this court, was equivalent to an appearance. A party who denies the jurisdiction of the court over his person must first present this single question. He may not mingle with his plea to the jurisdiction other pleas which concede jurisdiction, and thereafter insist that there was error in overruling his plea to the jurisdiction." (p. 682.)

In *Wells v. Patton,* 50 Kan. 732, 33 Pac. 15, the rule was stated to be, that in such actions the question of jurisdiction must be raised as early as possible either by motion, plea or answer.

"If he unites a defense to the merits in his answer with his plea to the jurisdiction, the trial court ought to settle the question of jurisdiction before proceeding to try the other issues in the case; but if the defendant objecting to the jurisdiction of the court, proceeds and tries the whole case upon its merits, and invokes a judgment of the court upon the merits, he submits himself and his rights to the jurisdiction of the court, and can be no longer heard to say that it had no jurisdiction." (Syl. ¶ 4.)·

This was an action to recover for an alleged conspiracy. In the opinion it was said:

"Of course, a trial court, in the exercise of a wise judicial discretion, will go very far to set aside any service obtained by gross abuse of judicial process. But a defendant who asks this to be done should not insist upon the court taking jurisdiction of his person for the purpose of protecting him upon the merits of the case, and, after causing costs to be had in the case upon the merits, then seek to repudiate his submission to the jurisdiction of the court." (p. 737.)

In *Marshall v. Land Co.,* 75 Kan. 445, 89 Pac. 905, a non-resident who raised the question of jurisdiction by motion to quash, making a special appearance in the action for that purpose, was held to be entitled to a dismissal of the case as to him.

It has been held that a general appearance is entered by a defendant when he files a motion to make the plaintiff's petition more definite and certain, when he joins in a stipulation that plaintiff may have further time to amend his petition, or when he files general denial. (*Bank v. Courter,* 97 Kan. 178, syl. ¶ 3, 155 Pac. 27.)

"Where defendants who have been summoned personally and defendants who have been summoned by publication service join in a pleading or motion raising questions of law and questions of fact involved in the general issue of a cause, a general appearance is thereby entered by all the defendants." (*Meador v. Manlove,* 97 Kan. 706, syl. ¶2, 156 Pac. 731.)

For more than a year after entering his first general appearance in the action the defendant, Edwards, failed to raise any question as to jurisdiction of the court over him and under the foregoing authorities he was in court for all purposes. At

18—101 Kan.

the close of the plaintiff's evidence it being determined on motion that there was no case made out against McCracken, Edwards stood upon his claim of right to dismissal as to himself and offered no evidence in defense of the case already presented. The subjct matter—the damage to the plaintiff in Haskell county by the cattle—was one of which the court might take cognizance as a court of general jurisdiction. While the action could not be maintained against a nonresident unless properly joined and served, save by his consent, whenever he consented in fact and in law to the exercise of the court's jurisdiction over him—the subject matter being within its jurisdiction—no legal impediment remained to a full adjudication.

It is conceded that the petition stated a cause of action on its face and the mere fact that the action failed as to the local defendant was not sufficient under the circumstances and in the condition of the pleadings to entitle the nonresident defendant, who had in so many different ways appeared generally in the action, to a dismissal of the case as to him.

The judgment is affirmed.