No. 22,073.

WALTER HAHN, *Appellee*, v. HERMAN STEINECKE et al. (THE ARNOLD AUTOMOBILE COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

JURISDICTION—*Nonresident Defendant—Defective Service—General Appearance—Motion for Stay of Execution—Waiver.* A nonresident defendant which had challenged the jurisdiction of the court because not sued in the county of its residence, after judgment moved for and procured a stay of execution. *Held,* that this was a submission to the court's jurisdiction. (*Woodhouse v. Land & Cattle Co.,* 91 Kan. 823, 139 Pac. 356.)

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed April 12, 1919. Affirmed.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellants.

*Robert Garvin,* and *Ray H. Beals,* both of St. John, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff brought this action in Stafford county against Herman Steinecke, a resident of that county, and M. L. Arnold, and the Arnold Automobile Company, residents of Sedgwick county; service of summons was made on the latter defendants in the county of their residence. The action was brought to recover $1,000, which the plaintiff alleged he had paid for a car which he had not received. Plaintiff further alleged that he had made an oral contract with Steinecke for the purchase of a car and, at his request, had made a check and notes payable to the automobile company through which Steinecke expected to obtain the car; that the car was to be delivered at Hudson where Steinecke was located, but was not delivered at all; that Steinecke and Arnold refused to return the $1,000 paid on the car;

"That . . . the defendants, and each of them, failed, neglected and refused to furnish said Auburn car, and failed, neglected and refused to comply with the contract so made, and refused to return the money so paid, but retained the same and have since retained the money so paid, and violated the contract by not furnishing the Auburn car."

Hahn v. Steinecke.

The automobile company and Arnold, appearing specially
and for the purpose of the motion only, moved to dismiss the
action as against them, for the reason that—

"The company is a Kansas corporation having its principal place of
business at Wichita, Kansas, and that all of its officers reside at and live
in Sedgwick county, Kansas, . . . that said defendants, or either of
them, do not reside in Stafford county, Kansas, and that personal
service of summons cannot be made upon said defendants in Stafford
county, Kansas, and that it appears upon the face of the petition that the
alleged cause of action sued upon is transitory and an action based upon
the same can only be brought in the county where the defendants re-
side or where service of summons can be made, and it appear's upon the
face of said petition that said defendants . . . are improperly
joined with the defendant, Herman Steinecke, in that the alleged cause
of action does not state a joint liability of all the defendants or any of
them, and upon the facts as herein stated, and upon the face of said peti-
tion, this court is without jurisdiction of the defendants, The Arnold
Automobile Company and M. L. Arnold, or either of them, and for this
reason each of them move the court to dismiss this action as against
them and each of them."

This motion was filed December 8, 1917. January 25, 1918,
the plaintiff filed an amended petition alleging that he entered
into a contract with the defendants for the purchase of a car;
that he made a payment of $200 by check, and gave a note for
$800, due in thirty days; that the check was duly cashed and
paid, and the note was paid when due; that at the request of
the defendants, the note and check were made payable to the
company; that when they were given, Steinecke was acting for
himself, and not for the other defendants, and was transacting
business connected with the sale of the car; that about the
time the note became due the plaintiff inquired of Steinecke
and Arnold whether the car had come, and they informed him
that it had not; that Arnold was at that time an officer of the
company and was transacting the business thereof, and acting
for and on defendants' behalf; that afterwards the plaintiff
called at the office of the company at Hudson and found that the
car had not arrived—

"And plaintiff thereupon demanded of the defendants the return of
his money so paid, or the Auburn car he had ordered, . . . that the
defendants at said time refused to return the plaintiff $1,000 so paid on
the Auburn car, . . . that the defendants had kept and retained the
said sum of $1,000 plaintiff paid and have never returned the same or any
part thereof."

February 5, 1918, the action came on for hearing—

"On the call of the docket on the motion to dismiss filed on December 8, 1917, . . . said motion having been formerly presented the judge of said court at chambers and having been briefed by both sides, and the court on consideration of the same doth deny the said motion to dismiss, and on the same day this matter came duly on for hearing on the motion filed by M. L. Arnold and The Arnold Automobile Company, to require plaintiff to make his amended petition more definite and certain, which motion is considered by the court and overruled."

This motion was as follows:

"Comes now the defendants, . . . and move the court to require the plaintiff to make more definite and certain his amended petition in the following particulars:"

The motion then asked that the plaintiff be required to state whether the defendants were joint owners of the car or partners, or whether it was bought from Steinecke as agent of the company, and to state in what capacity he was acting for himself.

Thereafter, on March 25, the two defendants answered, setting up a plea to the jurisdiction and alleging that service had been obtained in Sedgwick county, denying that there was any joint sale of the car or any joint liability, and specially denying Steinecke's agency.

It is to be observed that at no time was any motion made to quash the service; that while the motion to dismiss under the first petition for want of jurisdiction was pending, the amended petition was filed, to which a general appearance was made. The trial came on, a jury was impanelled, and testimony was taken without objection.

The company and Arnold demurred to the plaintiff's evidence on the ground that it showed no liability, "and that under the files in this case service was made upon these defendants outside of Stafford county; and this court is without jurisdiction as to them on that account." In settling this matter, the trial court said that the only question for determination was whether or not the automobile company had by its conduct waived the question of jurisdiction and, after much consideration, concluded that it had. Thereupon, the trial proceeded, resulting in a verdict in favor of the plaintiff for the amount sued for. Answers to special questions were returned, to the effect that the company was to sell the car and that Steinecke

acted only as its agent, and that none of its officers were residents of Stafford county. The company moved for judgment on the special findings, on the ground that they showed that the liability was not joint, and that the court was without jurisdiction over the company. It also filed a motion for a new trial. Arnold filed a motion for judgment and for a new trial. All were denied except Steinecke's motion for a new trial, and the court ordered judgment against the automobile company only, which company on its own motion was granted a stay of execution for thirty days.

Counsel present the one question of jurisdiction. In their brief they say:

"After filing the original petition, plaintiff filed an amended petition. It was the appellant's view that the amended petition on its face did disclose a joint liability, and after having filed a motion to make definite and certain, the amended petition, in order as it was considered to properly prepare the issues in the case, an answer was filed."

The controversy in this case was one over which the district court had general jurisdiction. The only question is whether it had jurisdiction over the persons of the two nonresident defendants.

It goes without saying that, whether rightfully or wrongfully sued in Stafford county, if they voluntarily appeared and contested the case there, the jurisdiction of the district court over them was as full and complete as if they lived there. Aside from the question as to what effect the motion to make definite and certain had, another point is deemed sufficient to decide the controversy.

Counsel for plaintiff contend that the action of the company in moving for and procuring a stay of execution for thirty days, had the effect of a general submission to the jurisdiction of the court. In *Woodhouse v. Land & Cattle Co.*, 91 Kan. 823, 139 Pac. 356, this exact question was determined. The defendant appeared specially to contest the jurisdiction of the court, alleging that the service was void. The service was held good. The attorney for the defendant refused to plead or participate in the trial, but remained in court. Judgment was rendered for the plaintiff, and by the suggestion of its attorney the defendant procured a stay of execution. This was held to be an abandonment of its attitude of protest, and an appeal to the general jurisdiction of the court for an order beneficial to it-

self, which constituted a general appearance. Here the motion for stay was made and granted May 27, 1918, and the notice of appeal was served July 10, following.

It is held that by the procurement of the stay the automobile company submitted itself to the jurisdiction of the court, and for this reason the judgment is affirmed.

WEST, J. (concurring specially) : While concurring in the result, I think a much stronger ground for holding the automobile company in court is their motion to make the amended petition more definite and certain. The original petition had been abandoned by the plaintiff and had spent its force, and the motion leveled at the amended petition was the most general and unrestricted appearance. The matter has thus been determined, substantially in *Meixell v. Kirkpatrick*, 29 Kan. 679, and literally in *Bank v. Courter*, 97 Kan. 178, syl. ¶ 3, 155 Pac. 27. (See, also, *Makemson v. Edwards*, 101 Kan. 269, 166 Pac. 508, and cases cited; 4 C. J. 1315-1320; 2 R. C. L. 327, § 7; and Note, L. R. A. 1916 E, 1083.)