No. 23,640.

IRA H. CLARK, *Appellee*, v. V. E. WEST et al.  (V. E. WEST AND S. R. JAYNES, *Appellants*).

SYLLABUS BY THE COURT.

1. JURISDICTION—*Insufficient Service—General Appearance—Waiver of Service.*
After an ineffectual objection to the jurisdiction of the court by reason of the insufficient service of summons upon defendants, they filed an answer and cross petition which, in addition to a challenge of jurisdiction, set up a cause of action against the plaintiff and asked for affirmative relief as against him.  *Held,* that by invoking the action of the court to grant them affirmative relief, they submitted themselves to the general jurisdiction of the court and could not thereafter assert error of the court in overruling the challenge of the jurisdiction.

2. CONTRACT—*Sale of Land—Evidence—Findings.*  Evidence and special findings relating to a contract for a sale of land examined, and held to be sufficient to uphold the verdict and judgment.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed April 8, 1922. Affirmed.

*C. M. Williams* and *D. C. Martindell,* both of Hutchinson, for the appellants.

*R. C. Russell, Elrick C. Cole, William Osmond,* and *T. B. Kelly,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Ira H. Clark against V. E. West and S. R. Jaynes, and L. L. Locker, to recover $1,000 which had been advanced as a payment on a contract for a sale of land which was not consummated on account of the alleged failure of the defendants to comply with the terms of the contract and because of fraudulent representations as to the ownership of the land sold. On a trial the jury rendered a general verdict in favor of the plaintiff, together with some special findings, and the defendants, West and Jaynes, appeal from the judgment that was rendered.

The first question presented arises upon a motion to quash the service of summons made upon the defendants, West and Jaynes. The action was brought in Barton county, where service was made upon their codefendant, L. L. Locker, while they were residents of Reno county and were personally served in that county. In their motion they alleged that Locker was not made a defendant in good faith, but was merely included in the action to secure jurisdiction of West and Jaynes in Barton county. The motion was overruled, and on this ruling error is predicated.

In the petition plaintiff alleged that the sale of the land was negotiated by the three defendants coöperating together, that they fraudulently represented that the land was owned by one Ruby who was able to make a conveyance of the land to plaintiff, and that, relying on their representations plaintiff entered into a contract for the purchase of the land and advanced $1,000 on the contract, agreeing to make other payments to be held in escrow in a bank. The deed by the grantor was to be placed in the bank within sixty days from the date of the contract, and when certain payments were made the deed was to be delivered, and plaintiff was to give a mortgage to secure payment of the balance of the purchase money. It was alleged that Ruby was not the owner of the land sold, had no interest in it, that he was used by the defendants as a straw man to wrong and cheat the defendant out of his money, and that the de-

Clark v. West.

fendants, including Locker, conspired together to wrong and defraud the plaintiff in the transaction, and that the money sought to be recovered was thereby secured. Upon the face of the pleading Locker was equally implicated with the makers of the motion in the alleged fraud. In the absence of a showing of the lack of good faith in making him a party, the court could look alone to the allegations of the petition. Nothing in the pleading tended to show bad faith or that he was made a party in order to acquire jurisdiction of the moving defendants in Barton county. As the matter was presented to the court there was no error in overruling the motion to quash the service upon these parties.

These defendants sought to raise the question on a demurrer to the petition, and later in their answer they restated the grounds of their motion which had been overruled, and alleged that for the reasons mentioned the court was without jurisdiction to try the case. Coupled with these averments the defendants in a cross petition alleged the making of the contract, that when it was made Ruby had a contract for the purchase of the land, and that while that contract was made in his name, West and Jaynes were jointly interested with Ruby in the purchase, and that afterwards they acquired Ruby's interest in the land. They further averred that a deed, together with an abstract showing good title, was placed in the bank within the time stipulated in the contract, and that plaintiff, without sufficient reason, refused to accept the deed or to carry out the contract. They further alleged that plaintiff breached his contract and by reason thereof the defendants were compelled to sell the land which plaintiff had agreed to buy at a price of $17,600 for the sum of $14,000. They allege that they had to pay Locker a commission of $332.50 and that by the alleged default of plaintiff they had been damaged in the sum of $2,452 and, deducting the $1,000 paid to them by plaintiff, there was a balance due them from him of $1,452, for which they asked judgment. In moving to quash the service of the summons the appealing defendants made only a special appearance, challenging the jurisdiction of the court, and as already shown nothing was then brought to the attention of the court indicating bad faith of plaintiff or that Locker was not a proper party. In this state of the case no error was committed in denying the motion to quash or in overruling defendant's demurrer to the petition.

While they renewed the claim of no jurisdiction in their answer and cross petition, they set up in the same pleading a cause of action against plaintiff and asked for a judgment against him for a sum greatly in excess of plaintiff's demand. When they became the actors and invoked the jurisdiction of the court to grant them affirmative relief, they in effect entered a general appearance and submitted themselves fully to the jurisdiction of the court. In *Thompson v. Greer*, 62 Kan. 522, 64 Pac. 48, a similar question was presented, and it was there held:

"The defendant below, however, was not content to place himself in a position of merely resisting a recovery by the plaintiff of the amount for which he sued, but on the other hand sought to establish against the plaintiff below an affirmative judgment amounting to $3,650 more than the plaintiff Greer claimed that Thompson owed him for feeding the cattle under the contract. As to this $3,650 the defendant below went into the forum where the plaintiff had commenced his action and by filing his cross petition invoked the action of the court in his own behalf. He was not satisfied with protecting himself with a shield, but attacked his adversary with a sword. His claim for relief placed him in the same position as if he had brought an independent action against Greer for the $3,650, making a voluntary choice of the tribunal in which he desired to establish his claim." (p. 524.)

In the later case of *Woodhouse v. Land & Cattle Co.*, 91 Kan. 823, 139 Pac. 356, a special appearance was made to contest the jurisdiction of the court upon the ground that the service made upon the defendant was void. At the conclusion of the trial judgment was rendered for the plaintiff, and then the defendant interposed and procured a stay of execution until a later date. The question was whether the defendant could thereafter contest the validity of the judgment rendered on the ground of want of jurisdiction. It was said:

"The defendant abandoned its attitude of protest and appealed to the general jurisdiction of the court for an affirmative order beneficial to itself. This constituted a general appearance and rendered the character of the original service immaterial." (p. 824.)

(See, also, *Adolph Cohen v. C. B. Trowbridge*, 6 Kan. 385; *Frazier v. Douglass*, 57 Kan. 809, 48 Pac. 36; *Investment Co. v. Cornell*, 60 Kan. 282, 56 Pac. 475; *Shearer v. Insurance Co.*, 106 Kan. 574, 189 Pac. 648.)

After the ineffectual objection to the jurisdiction by the defendants, if they had merely gone to trial on the merits and confined their defense to a resistance of plaintiff's claim, they would not have

Clark v. West.

waived their objection or conferred jurisdiction, but when they invoked the jurisdiction of the court and asked it to adjudicate their cause of action against the plaintiff, they thereafter waived their right to object to the jurisdiction which they had invoked.

There is a further claim that the evidence was insufficient upon which to base a recovery and that the defendants' demurrer thereto should have been sustained. Plaintiff alleged two grounds for the recovery of the money which he had advanced on the contract, one the fraudulent representations which had been made, and the other the noncompliance of the defendants with the terms of the contract. Under the contract the deed was to be executed and placed in the bank within sixty days after June 13, 1919, the time the contract was made. That time expired on August 12, but this was not done. At that time Ruby had not acquired title to the land and had no right to convey the same. The title to the land was in another with whom the defendants were negotiating with a view of obtaining a title. They did procure a deed to the land the latter part of September, but the plaintiff had previously declared the contract at an end. On September 15 the plaintiff went to the bank and tendered compliance with the contract with an offer to make the specified payment, and he also made a demand for the deed, but none being on deposit there the plaintiff treated the contract as terminated and thereafter insisted on the return of the advanced payment. It was contended that plaintiff refused to complete the contract because growing wheat which was to go with the land turned out to be a poor crop, and also because he had learned that defendants were making a large profit in acquiring the land from another and selling it to him. The jury, however, in answer to special interrogatories found that plaintiff did not refuse to carry out the contract for either reason. It did find that plaintiff refused to take the deed when it was made because of noncompliance with the terms of the contract, and this appears to have been found on sufficient evidence. The matter of waiver by plaintiff of noncompliance by the defendants was a question of fact which was properly submitted by the court to the jury, and it was settled in his favor by the verdict that was returned.

Judgment affirmed.