No. 24,839.

N. A. KENNEDY BUTTER TUB COMPANY, *Appellant,* v. THE FIRST
AND HAMILTON NATIONAL BANK OF FORT WAYNE, INDIANA,
Interpleader, *Appellee.*

SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition—Mistake in Name of Plaintiff—Mistake May Be Cured
   by Amendment.* Where words descriptive of a defendant are, by mistake,
   used in the title of an action as "The Vail Cooperage Company, a corpora-
   tion," and an allegation is also, by mistake, inserted in the petition and
   affidavit for garnishment that such defendant is a corporation, the petition
   may be amended by striking such words from the title and the allegation
   from the petition.

2. SAME—*Amendment Did Not Change Cause of Action.* The amendment of
   a petition in the manner above stated does not substantially change the
   cause of action and is authorized by the civil code (§ 140, R. S. 60-759.)

3. JURISDICTION—*General Appearance—Asking Affirmative Relief—Waiver of
   Any Defects in Original Process.* Where a party entered his voluntary
   appearance and appealed to the general jurisdiction of the court for an
   affirmative order beneficial to himself, he was not in position to assert
   that the original proceedings in the action were void.

Appeal from Wyandotte district court, division No. 2. FRANK D. HUTCH-
INGS, judge. Opinion filed January 12, 1924. Reversed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleve, Charles A.
Blair,* all of Kansas City, Kan., *J. H. Lathrop, T. R. Morrow, J. M. Fox,* and
*S. W. Moore,* of Kansas City, Mo., for the appellant.

*A. L. Berger,* of Kansas City, and *Vesey & Vesey,* of Fort Wayne, Ind., for
the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was for damages for failure to deliver
goods, wares and merchandise on contract. The plaintiff was a resi-
dent of Wyandotte county. The defendant, A. T. Vail, was a non-
resident, doing business under the trade name of "The Vail Cooper-
age Company" at Fort Wayne, Indiana. The interpleader was a
national bank of Fort Wayne, Indiana. The present controversy
is between the plaintiff and the interpleader involving the validity
of garnishment proceedings inaugurated by the plaintiff at the com-
mencement of the action. The interpleader prevailed and plaintiff
appeals.

Pleadings in the action were filed and process issued in the following order: Plaintiff's petition filed, summons for defendant issued to the sheriff of Wyandotte county, affidavit in garnishment filed, summons in garnishment issued directed to the Hauber Cooperage Company of Wyandotte county, all on October 13, 1920, answer of garnishee, Hauber Cooperage Company, and affidavit of service by publication, filed October 20, 1920, publication notice for three weeks, October 22, October 29, and November 5, 1920. Answer day, December 6, 1920. Interplea of First and Hamilton National Bank, filed December 4, 1920.

In plaintiff's petition, affidavit in garnishment, and affidavit for service by publication, plaintiff alleged that the defendant, The Vail Cooperage Company, was a corporation organized and existing under and by virtue of the laws of the state of Indiana.

In the caption of plaintiff's petition and in the various papers comprising process in the action, the defendant was designated simply as "The Vail Cooperage Company." The publication notice was directed to "The Vail Cooperage Company." In the caption and also in the body of the answer of the garnishee, the defendant was designated as "The Vail Cooperage Company."

The plaintiff asked damages in the sum of $32,845.61 for breach of contract. The garnishee admitted in its answer that it was indebted to "The Vail Cooperage Company" in approximtely the sum of $3,900. The interplea contained, among others, these allegations:

"Now comes The First and Hamilton National Bank of Fort Wayne, interpleader herein, and for its cause of action and claim for the property and monies garnished in this action, states and alleges: . . .

"That Aaron T. Vail is a resident of Fort Wayne, Indiana, doing business under the trade name of The Vail Cooperage Company; and that the garnishee herein, Frank J. Hauber, is a resident of Kansas City, Wyandotte county, Kansas, doing business under the name of Hauber Cooperage Company . . .

"That on the 18th day of November, 1920, it [the interpleader] loaned to Aaron T. Vail, doing business as Vail Cooperage Company, the sum of four thousand dollars, and that as security on said loan the said Aaron T. Vail concurrently with the making of said loan and as collateral security therefor, and for any other indebtedness . . . to said bank . . .. assigned to the interpleader herein . . . accounts against Frank J. Hauber doing business as Hauber Cooperage Company. That a copy of said note so executed by Aaron T. Vail to the interpleader herein, is attached hereto together with a copy of the assignment of the accounts due from the Hauber Cooperage Company to the Vail Cooperage Company, is hereto attached and made a part of this interplea. That immediately upon the taking of the assignment of said accounts, your interpleader herein notified said Hauber Cooperage

Company that said account had been assigned to it, . . . that notwithstanding said indebtedness of the Vail Cooperage Company to the interpleader and the assignment of the account as aforesaid, said Hauber Cooperage Company has failed and neglected to pay the same.

"That the plaintiff in this action has no right, title or interest in and to said funds so assigned to this interpleader, and that the monies and property attempted to be garnished in this action, is the monies and property of this interpleader, and that the proceedings wherein the plaintiff is attempting to claim the monies and property in the hands of the Hauber Cooperage Company are illegal and void, and of no force and effect, and that the lien, claim and right of the interpleader herein in and to said monies now in the hands of the Hauber Cooperage Company is prior and paramount of the lien, claim and interest of any other party to this action. . . .

"That said Hauber Cooperage Company became indebted to him [Vail] in approximately the sum of thirty-nine hundred dollars ($3,900.00) which accounts said Vail assigned to the interpleader . . . as security on the loan made, as hereinbefore set forth.

"That the Vail Cooperage Company is not a corporation, and that there is not now in existence a corporation by the name of the Vail Cooperage Company, and that said Hauber Cooperage Company is not indebted to any corporation by the name of the Vail Cooperage Company, but that his indebtedness and all of his transactions as hereinbefore mentioned were with Aaron T. Vail, doing business under the trade name of Vail Cooperage Company, and that said indebtedness of the Hauber Cooperage Company has been assigned to the interpleader herein.

"Wherefore, the interpleader herein prays that said monies and property so garnished in this action be released and discharged, and that said funds be ordered paid to the interpleader herein, and that said Hauber Cooperage Company failing to pay the same to the interpleader herein under the order of this court—that then, and in that event this interpleader have judgment against Frank J. Hauber doing business as Hauber Cooperage Company, in the sum of thirty-nine hundred dollars ($3,900.00), with interest thereon at the rate of 6% per annum, and costs of this suit taxed at $............."

On October 25, 1921, plaintiff amended its petition and reply to show the defendant Vail doing business under the trade name of "The Vail Cooperage Company" instead of a corporation.

Trial on the interplea was had on July 17, 1922. A stipulation between the parties contained the following:

"2. That in the year 1908 a corporation was organized under the laws of the state of Indiana, known as The Vail Cooperage Company, and among other stockholders was A. T. Vail.

"3. That in the fall of 1918 A. T. Vail, having acquired practically all the stock of the Vail Cooperage Company, a corporation, arranged with the other stockholders of said corporation, to take over and purchase the entire corporate property.

"4. That pursuant to such arrangements, on the 2nd day of December, 1918, by proper resolutions passed by the stockholders of the Vail Cooperage Company, a corporation, all of the property of said corporation was sold and transferred to A. T. Vail, and by said sale he assumed the then existing obligations as shown by the books of the corporation.

"5. That thereafter, and on the 20th day of December, 1918, all of the real estate of said corporation was deeded to A. T. Vail, and since that time said corporation has transacted no business, excepting to wind up its affairs, and ever since said date A. T. Vail has been transacting the business under the trade name of the Vail Cooperage Company.

"6. That late in the year 1919, resolutions in due form were adopted by the stockholders and directors of the Vail Cooperage Company, a corporation, authorizing the dissolution of said corporation, which resolutions were filed in the office of the Secretary of State of Indiana, who issued a certificate showing the filing of said resolutions.

"7. That pursuant to the laws of the State of Indiana said certificate was published in the Fort Wayne, Indiana, papers and proof thereof and final resolutions, dissolving the corporation were filed with said Secretary of State in November, 1919, thereby finally dissolving said corporation."

It is the contention of the interpleader that plaintiff's proceedings were absolutely void because there was no corporation known as "The Vail Cooperage Company," and that its pleadings and process were without force or effect, and that, the proceedings being void, the court acquired no jurisdiction over the garnishee, The Hauber Cooperage Company; that the defendant Vail, doing business under the name of "The Vail Cooperage Company," had not entered his appearance; that the court never acquired jurisdiction over the money garnisheed, and that the correcting of the name in plaintiff's petition did not give the court jurisdiction of the funds in the hands of the garnishee; and that if the court did acquire jurisdiction, the plaintiff could not simply amend the petition by claiming an intention to sue A. T. Vail after the rights of the interpleader became fixed.

The plaintiff contends that the interpleader, who is the assignee of the defendant, by entering a general appearance, submitted itself to the jurisdiction of the court, and by asking for affirmative relief in the nature of a judgment against the garnishee, waived the misnomer under which the defendant was sued; that the Vail Cooperage Company is an entity, namely, the trade name under which defendant conducts his business, and that the trial court, having jurisdiction of the funds garnisheed in the hands of Hauber, had the power to correct the misnomer under which defendant was sued by permitting the amendment.

Were the proceedings void, as contended by the interpleader, because the plaintiff, in its petition, affidavit for garnishment, and affidavit for service by publication, alleged that "The Vail Cooperage Company" was a corporation, and did the interpleader waive such defects by submitting itself to the jurisdiction of the court and asking for affirmative relief?

In some courts such an error as described here is fatal to the proceedings, as not bringing the right defendant into court, or as suing the wrong party. In those jurisdictions an amendment to correct the defect is deemed bringing in new parties, and is, therefore, not allowed. The weight of authority and the better reasoning, however, appears to support the theory that the plaintiff may amend his pleading or process in order to properly designate the defendant. The amendment may be made in furtherance of justice when the amendment does not change substantially the claim or defense (Civ. Code 140; R. S. 60-759.) It cannot here be said that the wrong party was sued. There was no misdescription in the name of the defendant. Plaintiff's error was in alleging "The Vail Cooperage Company," to be a corporation. There was no corporation under the name of "The Vail Cooperage Company." The publication notice was directed, not to a corporation, but to "The Vail Cooperage Company." There was no change of parties when plaintiff amended its petition. It is a salutary rule that cases should be determined on their merits, rather than on technicalities of procedure —on matters of substance, rather than matters of form.

This court has gone far in allowing amendments in furtherance of justice, even to the extent of substituting one party for another, when it was discovered that a mistake of parties to the controversy had been made.

In the early case of *National Bank v. Tappan*, 6 Kan. 456, an action was brought in the name of Tappan. It developed during the trial that the claim was in favor of the firm of Tappan & Weichselbaum. An amendment substituting the partnership was affirmed here.

In *Hanlin v. Baxter*, 20 Kan. 134, William O. Baxter was substituted as plaintiff for John B. Baxter.

*Bonding Co. v. Dickey*, 74 Kan. 791, 88 Pac. 66, was an action in which there was a mistake made in filing the action in the name of a corporation instead of that of the owner of the business, Dickey. It was alleged in the petition that W. S. Dickey Clay Manufactur-

ing Company was a corporation. An amendment was permitted substituting for the allegation in the petition that plaintiff was a corporation, the averment that W. S. Dickey operated the business under the trade name of W. S. Dickey Clay Manufacturing Company. The court there said:

"Where words descriptive of the plaintiff are by mistake used in the title of an action, as "W. S. Dickey Clay Manufacturing Company," and an allegation is also by mistake inserted in the petition averring that such plaintiff is a corporation, the petition may be amended by striking such words from the title and the allegation from the petition. Such an amendment is authorized by section 139 of the code. (Gen. Stat. 1901, § 4573.)" (Syl. ¶ 1.)

The following language in the opinion is pertinent in the instant case. It was said:

"We do not think the action of the court in this case amounted to a substitution of one party for another. It appears that no corporation existed by the name of the W. S. Dickey Clay Manufacturing Company, and that this description of the plaintiff was the result of a mistake or misapprehension of counsel in drawing the petition. The language stricken out was mere surplusage. The amendment did not affect the cause of action, nor mislead the defendant." (p. 795.)

In *Farmers' Bank v. Bank of Glen Elder*, 46 Kan. 376, 26 Pac. 680, the plaintiff was permitted to amend its bill of particulars so as to charge the Farmers and Merchants Bank of Cawker City as a copartnership instead of a corporation, as originally alleged. The court there said:

" 'Discretion is largely vested in a trial court to allow amendments to pleadings, and such amendments will not be grounds for error, unless it is shown that there was a flagrant abuse of discretion.' (*Stith v. Fullinwider*, 40 Kan. 73; *Carr v. Catlin*, 13 id. 393; *Board v. Campbell*, 17 id. 537.) The district court also has power, in the furtherance of justice, to permit the amendment of a petition by striking out one name and inserting another, when it is shown that the first name was used by mistake." (p. 378.)

It was held in *Surety Co. v. Casualty Co.*, 97 Kan. 275, 278, 155 Pac. 59, that the court had power to authorize an amendment correcting the name of a defendant corporation which had been sued under a wrong name.

In *Service v. Bank*, 62 Kan. 857, 62 Pac. 670, it was said:

"Great latitude is given to the trial court in the matter of the amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice. Our statutes in terms authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any respect. (Gen. Stat. 1897, ch. 95, § 139; Gen. Stat. 1899, § 4389.)

Here a mistake was made in bringing suit in the name of the payee of the note instead of the party to whom the payee had indorsed and transferred it. While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court, under the plain provisions of the code, and *Weaver v. Young,* 37 Kan. 70, 14 Pac. 458, is distinctly in point and settles the question in favor of the substitution. In that case an amendment was permitted striking out the name of one party who was the sole plaintiff and substituting another and distinct party, after it was shown that the first name was used by mistake." (See, also, *Williams v. Bridge & Iron Co.,* 111 Kan. 34, 206 Pac. 327, and cases cited; *Harlan v. Loomis,* 92 Kan. 398, 140 Pac. 845.)

*Ward et al. v. Pine,* 50 Mo. 38, was a case where the St. Clair Coal & Mining Company commenced an action alleging itself to be a corporation. Afterwards plaintiffs were permitted to file an amended petition in their individual names alleging that they were copartners, doing business under the name of The St. Clair Coal & Mining Company. The defendant objected to the amendment. The court said:

"The only material point raised and discussed in this case was the action of the court in permitting the plaintiffs to come in and be substituted for the alleged corporation. It is not pretended that the cause of action is not the same originally sued on. The only claim set up is that it was due to a copartnership formed of the plaintiffs, of the same name and style of the alleged corporation. This is not the substitution of an entirely new party, but only the designation of the individuals who were in reality the original party suing as a corporation, when, in fact, it was only a copartnership and not a corporation." (p. 39.)

The supreme court of Alabama considered a similar matter where one Nicrosi filed an affidavit of attachment against The Rosewald Grocery Company, described as a corporation. The Rosewald Grocery Company was operated by Esther Rosewald under the trade name of "The Rosewald Grocery Company." The plaintiff amended the affidavit, naming the defendant "Esther Rosewald, doing business, etc." The court, in upholding the amendment, said:

"There is, in other words, no question here as to the identity of the defendant, throughout all the proceedings which have been or may, in any proposed event, be had, being originally, and at all times the same in the mind of the plaintiff. The entity which entered into the rental contract, which has enjoyed the shelter of plaintiff's house, which has failed to pay the agreed price therefor, and which is sought in this action to be coerced into payment thereof, is one and the same, whether it be a contractual entity, a partnership, an artificial entity, a corporation, or a personal entity—an individual; and whether one or another of these entities, its name is the same—'The Rosewald Grocery Company'; and its liability is the same and enforceable by

the same remedies. That entity, whatever its character or the source or manner of its being, was proceeded against originally in this case and brought before the court by attachment of its property. Once there, it was found that a mistake had been made, not as to the entity itself—*not as to the party*—sued but merely in respect of describing what kind of an entity the party defendant was." (*Ex parte Nicrosi* 103 Ala. 104.) See, also, *Goldstein v. Peter Fox's Sons Co.,* 40 L. R. A., n. s., 566, 135 N. W. 180 [N. D.], and numerous cited cases. Also, note 40 L. R. A., n. s., 566; *Bush v. Serat,* 217 S. W. 865 [Mo.]; *Hardy v. Woods et al.,* 33 S. D. 416; *Teets v. Snyder Heading Mfg. Co.,* 120 Ky. 653; *Commission Co. v. Milling Co.,* 136 Mo. App. Rep. 365; *Neiswanger v. Ord,* 81 Kan. 63, 105 Pac. 17; *Harris v. Oil Co.,* 110 Kan. 532, 204 Pac. 754.

The interpleader seeks to prevail not on the strength of its right to the fund in controversy, but on the weakness of its adversary's right because of the alleged defects in the proceedings. In 28 C. J. 381, it is said:

"A claimant in garnishment must rely upon the strength of his own right or title and not upon the weakness of the defendant's title, nor upon the weakness of or irregularity in plaintiff's proceedings, either in the main action or in the proceedings against the garnishee." (See, also, 20 Cyc. 1135; 14 A. & E. Enc. of L. 910.)

The interpleader was the assignee of the defendant. It became so after the commencement of the action and after service by publication had been completed against "The Vail Cooperage Company." It stood in the shoes of and had no greater right than its assignor. It became a defendant in the action (R. S. 60-953); *Sutton v. Heinzel,* 84 Kan. 756, 759, 115 Pac. 560.) It had a right to enter a special appearance and ask the court to quash the garnishment proceedings. Instead of doing so, it made a voluntary general appearance and submitted itself to the jurisdiction of the court (R. S. 60-2515). One who voluntarily submits himself to the jurisdiction of the court cannot thereafter question such jurisdiction. The interpleader came in voluntarily and asked the court to find that its lien on the funds garnisheed was superior to that of plaintiff. It prayed that the garnishee be ordered to pay such funds to it and that if the garnishee failed so to do, then, that it have judgment against the garnishee. The acknowledgment that the funds in the hands of the Hauber Cooperage Company had been garnisheed, and that the court had authority to order such funds paid to the interpleader was tantamount to an admission that plaintiff's proceedings were not void and that the court had jurisdiction. Having entered its voluntary appearance

and itself appealed to the general jurisdiction of the court for an affirmative order beneficial to itself, the interpleader is in no position to now assert that the proceedings were void. (See, *Packing and Provision Co. v. Casing Co.*, 34 Kan. 340, 8 Pac. 403; *Frazier v. Douglass*, 57 Kan. 809, 48 Pac. 36; *Thompson v. Greer*, 62 Kan. 522, 64 Pac. 48; *Woodhouse v. Land & Cattle Co.*, 91 Kan. 823, 139 Pac. 356; *Arment v. Dodge City*, 97 Kan. 94, 154 Pac. 219; *Manufacturing Co. v. Hayes*, 97 Kan. 740, 156 Pac. 735; *Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731; *Dye v. Railroad Co.*, 101 Kan. 666, 168 Pac. 1087; *Makemson v. Edwards*, 101 Kan. 269, 166 Pac. 508; *Hahn v. Steinecke*, 104 Kan. 660, 180 Pac. 204; *Shaffer v. Harbaugh*, 105 Kan. 681, 185 Pac. 1049; *Winterscheidt v. Wilson*, 110 Kan. 649, 205 Pac. 600; *Clark v. West*, 111 Kan. 83, 206 Pac. 317; *Marler v. Mortgage Co.*, 111 Kan. 488, 207 Pac. 823; *Smith v. Jukes*, 112 Kan. 567, 211 Pac. 1110; 3 Cyc. 528; *Bankers Life Insurance Co. v. Robins*, 59 Neb. 170; notes, 16 L. R. A., n. s., 181, and L. R. A. 1916 E, 1018.)

The judgment is reversed and the cause remanded for further proceedings.

HARVEY, J., dissenting.