No. 43,877

MISSOURI PACIFIC RAILROAD COMPANY, *Appellant,* v. WEST LAKE QUARRY & MATERIAL COMPANY, *Appellee.*

(398 P. 2d 575)

Opinion filed January 23, 1965.

*Ralph M. Hope,* of Wichita, argued the cause, and *Maurice P. O'Keefe, Dolan McKelvy, Maurice P. O'Keefe, Jr.,* and *Terence D. O'Keefe,* all of Atchison, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Ronald M. Gott,* and *Glenn D. Young, Jr.,* all of Wichita, were with him on the brief for the appellant.

*J. W. Lowry,* of Atchison, argued the cause, and *William E. Stillings* and *Robert D. Caplinger,* both of Atchison, and *Willard L. Phillips, Patrick B. McAnany, Thomas M. Van Cleave, Jr., James J. Lysaught,* and *John J. Jurcyk, Jr.,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order dated October 8, 1963, on a special appearance, sustaining defendant's motion to quash the service of summons on defendant, and from its order of October 30, 1963, overruling plaintiff's motion to reconsider.

On May 17, 1961, defendant by the operation of its quarry caused a landslide to come down on plaintiff's railroad tracks whereby plaintiff suffered damages. Plaintiff's petition filed May 10, 1963, contained the following allegation:

"Defendant is a corporation organized and existing under and by virtue of the laws of the State of *Kansas* and authorized to do and doing business in the State of Kansas and its correct post office address is Bridgeton, Missouri." (Our italics.)

As a result of the above, and on May 10, 1963, praecipe for summons was filed and a summons was issued directed to the Secretary of State. The return of summons dated May 14, 1963, in connection with which a returned receipt was requested, shows it was directed to defendant as follows:

"To: Registered Office of West Lake Quarry and Material Company, c/o The Corporation Company, Inc., Resident Agent, First National Bank Building, Topeka, Kansas."

On July 1, 1963, defendant appeared specially for the purpose of quashing the pretended service of summons for the reason that the petition alleged defendant to be a Kansas corporation, and the attempted service on defendant was not proper, with the result the trial court was without jurisdiction of either the person of the defendant or the subject matter of this action.

In its journal entry of judgment the trial court recognized that venue for an action against a domestic corporation is covered by the provisions of G. S. 1949, 60-504, and service upon such a corporation is covered by G. S. 1949, 60-2518. It reviewed the fact that plaintiff had announced the use of the word *Kansas* in the petition (heretofore quoted) was a clerical error because defendant is actually a foreign corporation organized and existing under and by virtue of the laws of the state of Missouri but that proper service on a foreign corporation had been obtained under G. S. 1961 Supp. 17-504 and plaintiff requested leave to amend its petition.

Defendant announced it was unable to agree to such an amendment and plaintiff's counsel then stated that since no responsive pleadings had been filed to its petition, plaintiff had the right to amend without leave of court and stated the petition would be so amended in order to correct the above-mentioned clerical error.

The trial court ordered that defendant's motion to quash the service of summons be sustained.

On October 17, 1963, which was after the expiration date of the two year statute of limitations (G. S. 1949, 60-306, *Third*), plaintiff filed its amended petition under G. S. 1949, 60-756, which reads:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

We have carefully examined the authorities submitted in this case and are convinced that the most compelling are certain portions of

the opinion in *Butter Tub Co. v. National Bank*, 115 Kan. 63, 67, 222 Pac. 754, and the provisions of G. S. 1949, 60-759, reading as follows:

"The court or judge may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect to the provisions of this code, the court or judge may permit the same to be made conformable thereto by amendment."

In the Butter Tub case, *supra*, where plaintiff had alleged in its petition, affidavit in garnishment, and affidavit for service by publication that the defendant, The Vail Cooperage Company, was a corporation organized and existing under and by virtue of the laws of the state of Indiana, and more than a year later plaintiff amended its petition by changing the name of the defendant to A. T. Vail, Doing Business Under the Trade Name of The Vail Cooperage Company, this court held the amendment did not change plaintiff's cause of action, and in the opinion it was said:

"In some courts such an error as described here is fatal to the proceedings, as not bringing the right defendant into court, or as suing the wrong party. In those jurisdictions an amendment to correct the defect is deemed bringing in new parties, and is, therefore, not allowed. The weight of authority and the better reasoning, however, appears to support the theory that the plaintiff may amend his pleading or process in order to properly designate the defendant. The amendment may be made in furtherance of justice when the amendment does not change substantially the claim or defense (Civ. Code 140; R. S. 60-759). It cannot here be said that the wrong party sued. There was no misdescription in the name of the defendant. Plaintiff's error was in alleging 'The Vail Cooperage Company,' to be a corporation. There was no corporation under the name of 'The Vail Cooperage Company.' The publication notice was directed, not to a corporation, but to 'The Vail Cooperage Company.' There was no change of parties when plaintiff amended its petition. It is a salutary rule that cases should be determined on their merits, rather than on technicalities of procedure—on matters of substance, rather than matters of form.

"This court has gone far in allowing amendments in furtherance of justice, even to the extent of substituting one party for another, when it was discovered that a mistake of parties to the controversy had been made." (p. 67.)

Our conclusion is we find the trial court in the case at bar committed reversible error in not allowing plaintiff to amend its petition and in its order sustaining defendant's motion to quash the service

of summons. We, therefore, hold the judgment of the trial court be reversed, that its order sustaining defendant's motion to quash be set aside, that plaintiff's amendment to its petition be allowed, and the court proceed with the trial of the cause.

In view of the above conclusion other matters urged on appeal need not be discussed.

Judgment reversed with directions.